(June 11, 1901.)

# ZIENKE v. NORTHERN PACIFIC RAILWAY COMPANY.

[65 Pac. 431.]

APPEAL—UNDERTAKING—DELIVERY OF UNDERTAKING.—An undertaking upon appeal from an order denying a new trial executed and verified by the sureties on the same day after the order was made, but before the same was filed by the clerk, is sufficient, where it is shown that the undertaking upon appeal was filed simultaneously with the notice of appeal, but after the order appealed from had been filed by the clerk.

MOTION TO DISMISS APPEAL—TRANSCRIPT ON APPEAL—DIMINUTION OF RECORD.—A motion to dismiss an appeal from a judgment, upon the ground that certain papers, which were a part of the record upon such appeal, is not included in the transcript, is properly denied, the same being no ground for dismissal, the remedy being by suggestion of diminution of the record.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

H. M. Stephens and John M. Bunn, for Appellant.

Respondent contends that the undertaking was invalid because executed before the appeal was taken. But this contention cannot be sustained either on principle or on authority. The bond was entered into by the parties knowing the facts, i. e., that the appeal had not yet been taken, and there being no fraud in the matter the sureties would be estopped to deny the truth of the allegations in the bond. (1 Ency. of Pl. & Pr. 1019, and cases cited in notes 1 and 2.) The statute requires the filing of the bond after service of the notice of appeal, but makes no requirement as to the time of execution. The bond is good, it is a contract and governed by the law of contracts. Like other contracts, an essential element and the last step in its formation is delivery. It is not a valid bond until delivery, and delivery is necessary in order to perfect it. It was not delivered until it was filed with the clerk in accordance with the statutory provisions, that is, on February 8th, that was the date of the bond. It would be just as valid on objections for re-

spondent to say that the blank bond used was prepared a
year earlier; for without delivery the signed bond had no
more validity than the blank form.   It can scarcely be neces-
sary to cite authorities on this point, for it is almost one of
the axioms of law, but we note among a multitude of cases
*State v. Alta Silver Min. Co.*, 24 Nev. 230, 51 Pac. 982;
*James v. Wood*, 65 Miss. 531, 5 South. 106; *Chateaugay Ore
Co. v. Blake*, 35 Fed. 804; *Dore v. Corey*, 13 Cal. 502; 1
Ency. of Pl. & Pr. 977; *James v. Woods*, 65 Miss. 528, 5
South. 106; *Covery v. Shirk*, 58 Ind. 264; *Byers v. Cook*,
13 Or. 397, 10 Pac. 417; *Weiss v. Jackson*, 8 Or. 529; *Pop-
pleton v. Nelson*, 10 Or. 437; *Dahl v. Tibbals*, 5 Wash. 259,
31 Pac. 868.)   As to the contention that appellant did not
have the motion for a new  trial heard as soon as possible
we refer to section 4442, which reads as follows: "The ap-
plication for a new trial shall be heard at the earliest prac-
ticable period . . . . after the affidavits, bills of exceptions,
or statement, as the case may be are filed, and may be brought
to a hearing upon motion of either party.   The bill of ex-
ceptions which section 4441 provides shall be "delivered to
the clerk of the court for the judge" was so delivered on
June 19, 1900, and certainly appellant cannot be held re-
sponsible for the fact that the clerk did not deliver it to the
judge or the judge certify and settle it until six months later.
Appellant had done his duty and waited now for the clerk.
Respondent had as much power to press matters as had ap-
pellant.   The statute expressly gives it to him.   Section 4430
provides that the clerk shall forward the papers to the judge
upon notice in writing of either party.   If the delay injured
respondent, the power of correction was in his own hands at
all times.   (*Miller v. Hunt*, ante, p. 486, 63 Pac. 803.)   On
the motion to dismiss the appeal from the judgment.   The
sureties on the undertaking justified and were held sufficient
by the probate court in accordance with the provisions of sec-
tion 4816 of the code.   If it be true, as respondent states,
that "section 4816 applies only to an undertaking given to
stay execution" and not to this case, we would ask under what
section of the statutes he gets his authority to except to the

sufficiency of the sureties. His is certainly an argument *ad absurdum* when he attempts to destroy the section of the statutes on which his own objection is based.

Charles L. Heitman, for Respondent.

The record and the affidavit of the deputy clerk show that the order denying a new trial on the seventh day of March,. 1901, contained the following indorsement and none other,. to wit: "Filed January 26, 1901. A. E. Mayhew, Judge";- and that on March 7, 1901, the deputy clerk indorsed on the order, "Filed February 8, 1901." It will not be contended that the filing by the judge was such a filing as contemplated by the statute, as the judge has no authority to file papers of this character, that duty devolving upon the clerk alone. (3 Ency. of Pl. & Pr. 479, and cases cited.) Respondent contends that the undertaking on appeal from said order denying a new trial is wholly without consideration, and therefore insufficient to bind the sureties or to support the appeal against the objection of respondent. At the time the undertaking was executed and acknowledged no appeal had been taken, and furthermore no right to take an appeal from said order existed because the order had not been entered or filed. The notice of appeal could not have been filed and served on February 5,. 1901, and if the appeal had been perfected at that time it would have been prematurely taken. It is well settled by this court, and by the California and other courts, that no appeal from a judgment can be taken before its entry. (*Vollmer v. Nez Perces County,* ante, p. 302, 62 Pac. 925; *Brady v. Burke,* 90 Cal. 1-5, 27 Pac. 52; *Condee v. Barton,* 62 Cal. 5; *Clarke v. Mohr,* 125 Cal. 540, 58 Pac. 176.) As the undertaking on the appeal from the order herein was without any consideration to support it, and was therefore incapable of sustaining the appeal, there was more than an "insufficiency" in the undertaking, and it must be regarded with the same effect as if no undertaking had been filed. It created no obligation upon the sureties and gave to the respondent no right to recover from them, the cost and damages to which he might be entitled if the judgment should be affirmed or the appeal be

dismissed. Such want of validity in the instrument is equivalent to the entire want of an undertaking, and the appellant is not ·entitled by virtue of section 4822 of the Revised Statutes of Idaho, to supply its absence by filing a new undertaking. (*Stackpole v. Hermann,* 126 Cal. 466, 58 Pac. 935; *Home Associates v. Wilkins,* 71 Cal. 626, 12 Pac. 799; *Estate of Heydenfeldt,* 119 Cal. 346, 51 Pac. 543.) Respondent contends that the undertaking could not be enforced for want of jurisdiction. The appeal having been prematurely taken the court has no jurisdiction to entertain it and the sureties are not bound. (Elliott on Appellate Procedure, sec. 357; *Caffrey v. Dudgeon,* 38 Ind. 512, 10 Am. Rep. 126; *Benedict v. Bray,* 2 Cal. 255, 56 Am. Dec. 332; *Moore v. Damon,* 4 Mo. App. 111.) No bill of exceptions or statement of the case, to be used on the motion for a new trial, can be legally filed until after the settlement of the bill or the statement. It does not become a part of the record until filed. (Idaho Rev. Stats., ·secs. 4430, 4441.) Section 4442 of the Revised Statutes of Idaho requires the application for a new trial to be heard at the earliest practicable period. In the case of *Boggs v. Clarke,* 37 Cal. 236, the statement on motion for a new trial was filed August 6, 1867. On October 2, 1867, notice of motion for ·settlement of the statement and for a new trial was given, said motion to be heard October 7, 1867. The court held that the motion for a new trial had not been presented or brought on for hearing with due diligence or within a reasonable time. (*Walsh v. Hutchings,* 60 Cal. 228; *Griess v. Insurance Co.,* ·93 Cal. 411, 28 Pac. 1041; Hayne on New Trial and Appeal, 773; *In re Clary,* 112 Cal. 295, 44 Pac. 569.) The final judgment in this cause was rendered and entered January 26, 1900.

The term of court during which said cause was tried adjourned a few days thereafter. Parties are not presumed to be in court after final judgment. Any motion in the cause, therefore, if made after that time, materially affecting the interests of the adverse party, must be on notice. (*De Will v. Munroe,* 20 Tex. 289; *Stringer v. Echols,* 46 Ala. 61; *Murray v. Gordy,* 19 Ala. 710; 15 Am. & Eng. Ency. of Law, 911.) Respondent contends that appellant was guilty of laches in not having

the bill of exceptions settled and in prosecuting his motion for a new trial.   (*Miller v. Hunt,* ante, p. 486, 63 Pac. 803; *Smith v. Jordan,* 122 Cal. 68, 54 Pac. 368.)

QUARLES, C. J.—The respondent moves to dismiss both appeals in this case—the appeal from the order denying a new trial, and the appeal from the judgment.   The motion to dismiss the appeal from the order denying a new trial is based upon the ground that the undertaking upon appeal was executed on February 5, 1901, by the sureties thereto, and the notice of appeal was not served or filed until the eighth day of February, 1901, nor was the order denying a new trial entered by the clerk until February 8, 1901.   It appears from the record that the said order denying a new trial was made by the district judge, at chambers, on the fifth day of February, 1901, and by the said judge indorsed; "Filed January 26, 1901.   A. E. Mayhew, Judge"—but was not filed by the clerk until February 8, 1901, upon which date the notice of appeal was served and filed, and the said undertaking upon appeal, executed three days prior thereto, was filed.   These facts appear by the record in this case, but accompanying the motion of respondent is the affidavit of the deputy district clerk, in which it is stated that said notice was not filed by the clerk until the seventh day of March, 1901, upon which day it was indorsed by the clerk, "Filed February 8, 1901."   No reason is given for such indorsement, nor is any reason given or explanation whatever found in the record as to why the clerk did not indorse said order as filed upon the date that the same was made.   It is also contended that the said order has not been entered in the minutes or upon the records of said court.   Respondent contends that this appeal was prematurely taken.   This court must, however, upon the record, hold that said order denying a new trial was filed by the clerk on the eighth day of February, 1901, and that such filing was a sufficient entry of such order.   From this ruling it appears that the appeal was taken, not prematurely, but at a time when the same could be properly taken. The other ground of the motion—that the sureties signed and

verified the undertaking upon appeal three days before the order denying the motion for a new trial was filed—is not well taken. The record shows that the undertaking was filed simultaneously with the notice of appeal, upon the same day; and both upon principle and upon authority, it must be held that said undertaking was not executed until February 8, 1901, the time of its delivery to the clerk. Under the provisions of our code, the appellant had five days in which to file exceptions to the sufficiency of the sureties upon said undertaking, and the record shows that this was done. The record also shows that upon the trial of said exceptions before the probate judge of Kootenai county, as provided by our Code of Civil Procedure, the original sureties to said undertaking appeared and were examined, and other and further sureties also appeared on behalf of the appellant and were examined, viz., E. P. Manor and W. J. McClure, and that said probate judge found and adjudged that each of said four sureties was a resident, freeholder, and householder in the county of Kootenai, and that each of said sureties was the owner of property subject to execution to the extent of more than $300 in Kootenai county, state of Idaho, whereupon said probate judge approved and accepted said four sureties, and each of them. Said undertaking upon appeal was sufficient and valid, and bound the sureties therein. (See *Richards v. Scott* (decided at this term), ante, p. 726, 65 Pac. 433.) The motion to dismiss the appeal from the order denying a new trial is therefore overruled and denied.

The motion to dismiss the appeal from the judgment is based upon the following grounds: 1. That the respondent excepted to the sufficiency of the sureties within the statutory time. 2. That appellant's record on appeal does not contain all the papers used, heard, and considered on the motion of the appellant for a new trial herein, the following papers being omitted from said record, to wit: (1) The respondent's motion to strike from the files the appellant's bill of exceptions; (2) the order of the district judge overruling said motion; (3) the motion of respondent to dismiss appellant's motion for a new

trial; (4) the order of the district judge overruling said motion. What we have said in regard to the exceptions to the sufficiency of the sureties disposes of the first ground of the motion to dismiss the appeal from the judgment. The reasons given as the basis of the second ground for the motion to dismiss the appeal from the judgment are not well founded. The reasons stated are not grounds for dismissing the appeal, but are grounds for suggestion of diminution of the record, provided the papers therein mentioned are material to the consideration of the appeal from the judgment. Upon appeal from the judgment, the record consists of the judgment-roll. If any part of that record has been omitted, such omission is not ground for the dismissal of appeal, but the respondent or either party may have the omission supplied by suggestion of diminution of the record, as provided in the rules of this court. The motion to dismiss the appeal from the judgment is therefore denied.

Sullivan and Stockslager, JJ., concur.