(June 10, 1904.)

## COEY v. CLEGHORN. ·

### [77 Pac. 331.]

ORDER ˙REFUSING TO RELEASE ATTACHED PROPERTY IS APPEALABLE— A MOTION TO DISMISS APPEAL WILL NOT BE SUSTAINED WHEN.

1. An order after final judgment refusing to release attached property is appealable under the statute of this state.

2. Where it is shown by the certificate of the judge and clerk of the court in the transcript that such transcript contains all the papers, pleadings, etc., used on the hearing of a motion to release certain property from attachment after final judgment in the lower court, and thereafter the judge and deputy clerk furnish certificates or affidavits that other papers were used on the hearing, this court will not dismiss the appeal, especially when it is shown that the missing paper was a part of the record evidence of the respondent; a certified copy should have been furnished for the record by the moving party.

(Syllabus by the court.)

APPEAL from District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

From an order overruling motion to release certain property from an attachment after final judgment, defendant appeals.

Edwin McBee, for Appellant.

The first reason assigned is that the order appealed from herein is not an appealable order. The constitution provides that "The supreme court shall have jurisdiction to review upon appeal any decision of the district court, or the judges thereof." (Idaho Const., art. 5, sec. 9.) The state provides that an appeal may be taken to the supreme court from a district court. from any special order made after final judgment. (Rev. Stats. 1887, sec. 4807.) The supreme court of this state has held, and it has never been questioned, that it is a proper matter to be presented to the court as to whether or not property once seized under attachment or writ of execution should be released as exempt if claimed. The writ when once returned is no longer

in the power of the sheriff. The property is in the custody of the court, and application for its release should be made to the court or judge. (*Roth v. Duvall,* 1 Idaho, 149.) No bill of exceptions is required on appeal from an order made after judgment. (*Thiesen v. Riggs,* 5 Idaho, 487, 51 Pac. 107.)

Charles L. Heitman, for Respondent.

An appeal from an order overruling a motion will be dismissed where the record consists of unidentified papers, strung together with nothing to indicate that they were used on the hearing, or that there was no other evidence before the court when it heard the motion. (*State v. Millis,* 19 Mont. 444, 48 Pac. 773.) Section 1739 of the Montana statutes, referred to in said case, is identical with section 4821, Revised Statutes of Idaho. (*Simons Hardware Co. v. Alturas Commercial Co.,* 4 Idaho, 386, 39 Pac. 553.) Respondent submits that there must in some manner be a proper identification or authentication, *founded upon personal knowledge,* of the evidence, documentary and oral, considered on appeal. (Hayne on New Trial and Appeal, sec. 264.)

STOCKSLAGER, J.—This action was commenced in the district court of Kootenai county. An attachment issued and was levied upon certain personal property alleged to belong to the defendant, who was at the time residing on the "Indian reservation" in Kootenai county. A trial was had and on the twenty-third day of October, 1903, the jury returned a verdict in favor of the plaintiff; and thereafter, and on the twenty-seventh day of October, 1903, judgment was entered on the verdict. On the twenty-third day of October, 1903, counsel for defendant filed a motion notifying the plaintiff and his counsel that on the twenty-seventh day of October, 1903, they would request the court for an order releasing from attachment certain property attached in the above-entitled action which defendant claimed as exempt under the provisions of the statutes, etc. The notice also provides that the motion would be made and based on the records and files in the action and upon the affidavit attached, which was the affidavit of defendant. This

motion was heard on the fourth day of November, 1903, and the court ordered that the motion be overruled and denied, and further ordered that the stay of execution theretofore granted be vacated and set aside as to certain of the attached property, etc. On the thirty-first day of December, 1903, defendant served counsel for plaintiff with his notice of appeal to this court from the above order. March 30, 1904, respondent filed his motion to dismiss the appeal on the grounds: 1. That the order of the district court appealed from herein is not an appealable order; 2. That no good and sufficient record on appeal has been filed therein; 3. That the pretended record herein is not authenticated by a bill of exceptions or by the district judge who heard and determined said motion or by the clerk of the said district court; 4. That the pretended record on appeal does not contain all of the documents, evidence and matters and things which were heard and considered by the district judge on the hearing of said motion; 5. The said motion will be made upon the transcript on appeal herein and upon the certificate of Honorable R. T. Morgan, judge of the district court of the first judicial district of the state of Idaho, in and for the county of Kootenai, the affidavit of T. L. Quarles and the affidavit of James A. Foster, which certificate and affidavits are attached to this motion and made a part hereof.

Taking up this motion in the order named, we will first dispose of the first ground urged by respondent; that is, "That the order of the district court is not an appealable one." Subdivision 3 of section 4807 of the Revised Statutes provides that "An appeal may be taken from any special order made after final judgment." This provision of the statute disposes of this ground of the motion. It is shown by the record that final judgment was entered October 27, 1903, and the order appealed from was entered November 4, 1903.

The question upon which counsel for respondent relies for a dismissal of this appeal as shown by the brief is based upon the insufficiency of the record as shown by the transcript insisting that the certificate of Judge Morgan and the affidavit of Deputy Clerk Foster attached to his motion, show that all the papers used on the motion in the lower court are not brought

to this court on the appeal. This presents a somewhat novel situation, and we are at a loss to know how to arrive at a true solution of the facts. It is shown by the transcript that the learned judge on the seventh day of March, 1904, made a certificate on the motion of defendant to have certain property levied upon herein released as exempt property. "The following pleadings, and none other, were considered by me in rendering a decision upon said motion, namely: The writ of attachment issued herein October 1, 1903, and the sheriff's return thereto, which said writ was filed on return October 5, 1903. The order made by me October 21, 1903, dissolving said attachment; writ of attachment issued herein October 21, 1903, together with sheriff's return thereto, which said writ was filed on return October 23, 1903. The notice of motion and affidavit in support of said motion for release of said property filed herein October 24, 1903; the affidavit of Edwin Doust in opposition to said motion filed herein November 3, 1903. The affidavit of J. B. Gilbert in opposition to said motion, filed herein November 2, 1903; the affidavit of W. E. Noe in opposition to said motion, filed herein November 2, 1903; the affidavit of R. T. Walls in opposition to said motion, filed herein November 2, 1903. The clerk of the court, through his deputy, James A. Foster, certifies to the same state of facts.

On the twenty-fifth day of March, 1904, Judge Morgan made a certificate which is attached to respondent's motion to dismiss, in which he certifies that on the hearing of the motion in the lower court above referred to, he took into consideration the evidence which had been theretofore introduced on the trial of the cause upon the merits in said action in said court, in which action the judgment was made and rendered in favor of the respondent herein and against the appellant herein on the twenty-seventh day of October, 1903. He further certifies that on such hearing there was introduced and read in evidence and considered the bill of sale from the appellant, George F. Cleghorn, to the Loy Hardware Company, a certified copy of which bill of sale is annexed to this certificate, marked exhibit "A" and made a part hereof. The certified copy of the bill of sale above referred to is dated March 24, 1904, and hence was not used in

evidence on the hearing of the motion in the lower court, as that hearing was on the fourth day of November, 1903, as shown by the certificate of the judge. If this bill of sale was a part of the evidence on the hearing in the lower court, it was the duty of the party introducing it to furnish a certified copy for the record; it was certainly no part of the duty of counsel representing defendant below, appellant here, to procure at his expense the evidence that should have been introduced in proper form in the court below; and under the circumstances in this case a motion for diminution of the record would have a better standing in this court than one to dismiss the appeal on this ground, urged by counsel for respondent.

The deputy clerk who made the certificate shown in the record also furnishes an affidavit which is attached to the motion contradicting his certificate as deputy clerk.

We think, under all the circumstances in this case, this motion should be denied, and the case heard on its merits at the next Lewiston term and the cause continued, and it is so ordered.

Sullivan, C. J., and Ailshie, J., concur.