(December 20, 1904.)

## COEY v. CLEGHORN.

[79 Pac. 72.]

Attachment—Motion to Dissolve Should be Sustained—Disclaimer of Ownership not a Bar to a Future Claim of Ownership.

1. Where it is shown that a party resides upon an Indian reservation in the state, and an attachment is levied upon his property situate upon such reservation, a claim that he is not a resident of the state must fail.

2. Where it is shown that an attachment was levied upon certain personal property exempt by law from seizure under an attachment or execution proceeding, and at the time the levy was made the attached party disclaimed ownership, thereafter the attachment is discharged on motion and a second writ of attachment is issued and levied on all or part of the property originally

levied upon, and at the second levy the property is claimed under the exemption laws of the state. *Held*, that under the facts in the case his first disclaimer did not waive his right to claim under the exemption laws.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

Appeal from an order after final judgment refusing to release personal property from attachment claimed under the exemption laws. Reversed.

Edwin McBee, for Appellant.

Charles L. Heitman, for Respondent.

STOCKSLAGER, J.—This case was before this court at the March term, 1904, at Lewiston, on motion to dismiss the appeal. For a full statement of the facts, see *ante,* p. 162, 77 Pac. 331. The case is now here for review on appeal from a certain order refusing to release certain personal property from attachment. The order appealed from is as follows:

"This cause came on to be heard in open court on the fourth day of November, A. D. 1903, on the motion of defendant to have certain property levied upon herein released as exempt property, Edwin McBee, Esq., appeared for the defendant and in support of said motion, and Chas. L. Heitman appeared for the plaintiff and in opposition thereto. The court being fully advised in the premises, ordered that said motion be, and same hereby is, overruled and denied. To which ruling the defendant, by his counsel, then and there duly excepted. It was further ordered that the stay of execution herein heretofore granted be, and the same is hereby, vacated and set aside as to the wheat and oats covered by the writs of attachment and writ of execution herein, and that the same be sold by the sheriff of Kootenai county without delay as perishable property.

"It is further ordered that the stay of execution as to the cattle, horses and farm implements heretofore levied upon be extended for the term of fifteen days from this date.

"It is further ordered that the defendant herein have ten days

from this date in which to prepare, file and serve his bill of exceptions herein as to the refusal of the court to release said property as exempt property."

The motion referred to in the above order follows:

"To Chas. P. Coey, the Above-named Plaintiff, and to Chas. L. Heitman, His Attorney:

"You and each of you will please take notice that the above-named defendant will on Tuesday, October 27, 1903, at Rathdrum, Kootenai county, Idaho, request the above-named court at the hour of 10 o'clock A. M., or as soon thereafter as counsel can be heard, for an order releasing from attachment certain property attached in the above-entitled action which defendant claims as exempt under the provisions of the statutes of the state of Idaho governing exemptions from attachment, said property being the property described in the affidavit annexed hereto and made a part of this motion. This motion will be made and based on the record and files in this action and upon the affidavit hereto attached. The affidavit referred to is that of George F. Cleghorn, the defendant, in the lower court, appellant here. It describes certain horses, cattle, grain, consisting of oats and wheat, one wagon, a McCormick harvester, harness, etc., and says that he is a married man, the head of a family and has resided in Kootenai county, this state, since March, 1902; that his occupation is farming; that on the twenty-first day of October, 1903, a writ of attachment was issued and levied upon his property. That he has not any farming implements exceeding in value the sum of $300, including those attached and those not attached. No other horses or cows other than those attached, etc., and claims all the property attached under and by virtue of the exemption laws of the state of Idaho."

Ada Cleghorn testifies that she is the wife of appellant, and that she has read the affidavit of defendant and that the same is true of her own knowledge.

Appellant's counsel say in their brief that only two questions are presented by this appeal: 1. "Can appellant claim benefit of the exemption laws of Idaho while residing upon the Coeur d'Alene Indian Reservation within the limits of said county?" 2. "Should a claim for the statutory exemption be allowed to the

defendant under the levy of the second writ of attachment after his failure to make such a claim as against the levy of the first writ of attachment, and after his disclaimer at the time of the first levy of ownership in the property attached?"

Taking up these questions in the order named, we find that counsel for appellant insists that appellant was a resident of Kootenai county and had been for two years residing on the Indian reservation in that county, and that such residence was a legal one. There is no dispute as to the fact that appellant is a married man and the head of a family.

Counsel for respondent does not contradict the fact that appellant was living upon the Indian reservation, but denies that he had or could acquire a legal residence in Kootenai county by residing upon the reservation. It seems to be conceded that prior to appellant's removal to the reservation he was a resident of Spokane county, Washington. If the appellant had a legal residence on the Indian reservation he is entitled to the exemption given him by the statute of this state.

In the case of *Francis et ux. v. Green & Green,* 7 Idaho, 367, 65 Pac. 362, decided by this court in 1901, all the parties to the suit being residents of the Fort Hall Indian Reservation, the question involved the settlement of the right of William and Sarah Francis to use the waters of a certain creek in the reservation and on reservation land. We quote from the opinion: "From the record it appears that the defendants entered into a contract with William M. and Sarah M. Francis, by which they agreed to pay the attorney's fee and costs in a certain case to be commenced in the district court between said William M. and Sarah M. Francis as plaintiffs, and one Goodenough as defendant, which action was for the purpose of settling the rights between said William M. and Sarah M. Francis to the use of the waters for irrigation and domestic purposes of Little Cottonwood creek. That said action was commenced and tried in the district court of Bannock county and the waters of said stream decreed to said parties."

Appellants contend that the property in controversy in this action being upon an Indian reservation, all the parties are trespassers and the courts have no jurisdiction to determine their respective rights.

While it does not appear that any of the parties have acquired permission from the Secretary of the Interior, or from any other source, to reside upon or occupy their lands, it does appear they are all there, and that their rights to occupy such land has never been questioned by the government authorities or the Indians themselves, and the parties are subject to the same rules as though they lived upon the public domain.

It may be, and doubtless is, true that appellant was a trespasser upon the Indian reservation, but so long as the Indians themselves or the government does not complain, his creditors cannot seize his property exempt by law from attachment on the theory that he is not a citizen of this state whilst residing on the reservation. He is not then in violation of any statute of this state. He could not plead his residence on the Indian reservation in bar of any action that might be commenced against him, either civil or criminal, in the courts of Kootenai county. He is a resident of Kootenai county and entitled to his exemption provided by the statute of this state. (*Utah & Northern Ry. Co. v. William F. Fisher*, 116 U. S. 28, 6 Sup. Ct. Rep. 246, 29 L. ed. 542; *Truscott v. Hurlburt Land Co.*, 73 Fed. 62, 19 C. C. A. 374.)

The next question is, Could and did appellant waive this exemption by his statements to the officer at the time of the first levy of the attachment? He stated to the officers that none of the property levied upon was his. His counsel explains this statement by saying that defendant has made these transfers to secure indebtedness owing to other parties, and at the time of the first levy actually thought the transfers were valid, but after investigation and the advice of counsel found that they had not been delivered and there was no continued change of possession, and that said transfers were therefore of no effect as against attaching creditors. It is next insisted that even though he did make such statements at the time of the levy of the first attachment, and it would have been a bar to his claim of such property under the exemption laws, when that attachment was dissolved by order of the court it left the property and the parties to the action in the same condition as though no attachment had been issued and served; that when the sec-

ond attachment was levied there was no disclaimer of owner-
ship of the property attached, etc.   The existence of these facts
does not seem to be disputed by the affidavits or counsel for
respondent.   Counsel for respondent with equal earnestness and
zeal insists that after appellant had once disclaimed ownership
of the property he could not afterward be heard to claim it
under the exemption laws.   In support of this contention, he
cites *Sebright v. Moore,* 33 Mich. 91.   The syllabus says: "Es-
toppel; attachment; disclaimer; advising proceedings.   *Sylla-
bus.*   "One who disclaimed ownership and advised an attach-
ment of chattels as the property of another and consented to
the levy is estopped from afterward setting up a claim of title
as against such proceedings."   He also cites *Butt v. Green,* 29
Ohio St. 667.   The syllabus in this case follows: "Where an
officer levied upon a horse belonging to an exemption debtor
who thereupon demanded the exemptions allowed by law, and
they then mutually agreed upon a proper time and place for
the debtor to select and the officer to cause to be appraised the
property of the debtor exempt from levy and sale, and the
debtor purposely failed to be present and make selections at
the time and place agreed upon.   Held, that the debtor by
such failure waived his right to select and hold as exempt the
horse so levied upon."

These two authorities do not sustain the contention of learned
counsel for respondent.   It does not appear that appellant ever
advised the levy upon this property, consented to such levy, or
agreed to anything with the officer making the levy.   He told
the officer that the property belonged to other parties.   It can-
not be said that this misled the officer or the respondent in this
action as the second attachment was levied upon most of the
same property.   We have examined the other authorities cited
by respondent and do not think this case comes within the rule
laid down in any of them unless it be the cases from Pennsyl-
vania.

Mr. Freeman in his excellent work on Executions, in dis-
cussing the cases from that state, has this to say: "This rule
does not seem to have its foundation in any provision of the
statutes of that state.   It results from the belief of the judges

that the statutes were designed for the benefit of honest debtors, for those only who would not seek to avoid the operation of the writs directed against them. If, however, we conclude that the dishonest are not worthy of the benefits of the exemption laws, it still seems that we should not as judges enforce our peculiar ideas until they had met the expressed approval of the legislature. Judges ought not to pronounce sentence where the law has provided no penalty. Besides it must be remembered that one of the chief objects of these laws is to protect and provide for the debtor's family and that this object would be partially subverted by making the benefit of the law depend upon the character of the debtor." It is not disputed that if the appellant was a resident of the state of Idaho he was entitled to the exemption now claimed were it not that he had disclaimed ownership of the property in dispute at the time of the first levy.

All these facts being considered, and viewing the contested questions in the light we do, this judgment must be reversed, with costs to appellant.

Sullivan, C. J., and Ailshie, J., concur.