## M. W. Becker v. The State.

### No. 3981.   Decided May 5, 1909.

**1.—Injuring Fence of Another—Scope of Law—Joint Owner.**

Article 794 Penal Code was designed for the better protection of agriculturists against wanton or reckless depredation of live stock upon their crops, etc. A joint owner is not justifiable in breaking a partition fence without the other's consent.

**2.—Same—Charge of Court—Consent of Joint Owner.**

Where upon trial for unlawfully injuring the fence of another without his consent there was evidence of an agreement between the parties to open a passage way across the land in question, the court correctly charged that if the defendant removed or readjusted the fence in question with the consent of the prosecutor to acquit the defendant.

**3.—Same—Charge of Court—Good Faith.**

Where upon trial for unlawfully injuring the fence of another there was evidence of an agreement between the parties to readjust the fence in question, the court should have given a requested charge that if the jury believed from the evidence that defendant acted in good faith and believed that he had the right to remove the fence to acquit him.

**4.—Same—Case Stated—Injury.**

Upon trial for unlawfully injuring the fence of another, if the evidence showed that the defendant without right and without the consent of the prosecuting witness interfered with and removed his fence and opened up across prosecutor's premises a roadway, defendant could not claim that this was not an injury of prosecutor's premises.

Appeal from the County Court of Washington. Tried below before the Hon. E. P. Curry.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $25.

The opinion states the case.

*W. W. Searcy,* for appellant.—On question of good faith: Woodyard v. State, 19 Texas Crim. App., 516; Klein v. State, 39 S. W. Rep., 369.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court of Washington County by information with unlawfully breaking, pulling down and injuring the fence of one Albert Kieke without his consent. He was found guilty of this offense, and his punishment assessed at a fine of $25.

Article 794 of the Penal Code, under which appellant was charged, is as follows: "If any person shall break, pull down or injure the fence of another without his consent, or shall wilfully and without the consent of the owner thereof open and leave open any gate leading into the inclosure of another, or shall knowingly cause any hogs, cattle, mules or other stock to go within the enclosed lands of another without

his consent, or shall tie or stake out, or cause to be tied or staked out, to graze within any inclosed lands not his own, and without the consent of the owner, any horse, mule or other animal, he shall be fined any sum not less than ten nor more than one hundred dollars, and in addition thereto may be imprisoned in the county jail not exceeding one year." This act, it has been held, was designed for the better protection of agriculturalists against wanton or reckless depredation of live stock upon their crops, by furnishing them a more efficient remedy than a suit for damages. Cleveland v. State, 8 Texas Crim. App., 44; Jamison v. State, 27 Texas Crim. App., 442. It has also been held that one joint owner is not justifiable in breaking a partition fence without the other's consent. Hurlbut v. State, 12 Texas Crim. App., 252.

The facts in brief show that appellant was the owner of a tract of land north of where Kieke resided, as well as a tract of sixty-four acres west of the Kieke place. The place where the fence was opened and a gate arranged was across a little tract of two and four-tenths acres in a general north and south direction, and was opened, or made as appellant claims, by virtue of the fact that he owned a right-of-way from the sixty-four acre tract across the smaller tract into a lane. It was appellant's claim and contention that he had made a contract in his original purchase to this effect, and that the owner of the land had consented for him to open a passageway across his smaller tract of land. These facts were testified to in terms by appellant and by one of his sons, and their contentions find some support in the testimony of Mr. Schultze, a lawyer who, at the instance of appellant, had undertaken to see Mr. Kieke in reference to the controversy between them. We have not undertaken to set out the facts further than to illustrate the nature of appellant's defense and the general tenor and character of testimony upon which same is based. The general charge of the court consisted only of the definition of the offense, and an instruction, if appellant had violated the law, to find him guilty, with the usual instructions with reference to presumption of innocence and the province of the jury as to being judges of the facts and credibility of the witnesses.

1. Appellant requested, among others, the following special charge: "If you believe from the evidence that, at the time the defendant removed the wires and refixed it, as the testimony shows that he did in this case, he did so with the consent of Mr. Kieke, then you are instructed that he is guilty of no offense in so doing, and if you so believe from the evidence you will return a verdict of not guilty." This charge was given by the court. In this connection it should be stated that appellant testified that the day the fence was removed and readjusted that Kieke, in terms, consented that he should do so, and this instruction must, we think, be held to apply the law, and correctly, to this evidence. In addition to this appellant also requested the following instruction: "If you believe from the evidence that the defendant, after consulting with Mr. Schultz in good faith, believing that he had

a right to remove the fence and fix it as the evidence shows he did, then you are instructed under the facts that he is not guilty of any offense, and if you so believe from the evidence you will acquit him." This applied the doctrine of good faith of appellant, based on his claim of ownership of right-of-way over the land and the advice and counsel of Mr. Schultz, as testified to by him, that he had such right to the facts in issue, and if appellant believed that he had the right-of-way over said land, in view of the fact that the fence was not torn down, that the wire was removed and fixed in a different manner, and, as some of the witnesses say, better than it was originally, and there was no element of wilfulness or intentional wrong in his conduct, and no intent to injure appellant, and particularly if, as claimed, it did not injure him, appellant should be acquitted. We think this phase of the case was not fully presented, and that the special instruction referred to above should have been given.

Appellant strenuously contends, under the facts, that in no event could a conviction be sustained. To this contention we can not accede. If, as some of the testimony seems to show, appellant without right, over the protest and against the wishes of Kieke, interfered with and removed his fence, and opened up across his premises a roadway without lawful warrant, he could not defend under the claim that, after all, his invasion of prosecutor's premises was not in fact injurious to his property. This can not be the law.

For the error pointed out the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*