## Nelson Busick, Appellee, v. Illinois Central Railroad Company, Appellant.

1. APPEAL AND ERROR, § 1051*—*when rulings on evidence not considered on appeal.*   Where neither in a motion for a new trial nor in the assignment of errors on appeal mention is made of rulings on the admission or rejection of evidence, such questions cannot be considered by the reviewing court.

2. ASSAULT AND BATTERY, § 15*—*when question whether officer acting within scope of employment for jury.*   In an action for assault on the plaintiff by a special police officer in the employment of the defendant, the question whether the acts done by the officer were within the scope of his employment, *held* for the jury.

3. TRESPASS, § 64*—*when a crime at common law.*   Unless a trespass is accompanied by or tends to produce a breach of the peace, it is not a crime at common law.

4. TRESPASS, § 64*—*what does not constitute statutory trespass.*   Loitering around a railway company's station, *held* not a statutory trespass as defined in the Criminal Code of Illinois.

5. TRESPASS—*what force may be used to remove trespasser.*   The use of any more force than necessary to remove a trespasser is wrongful.

6. ASSAULT AND BATTERY, § 17*—*when instruction correct.*   In an action for an assault by a special police officer, an instruction that it was for the jury to determine whether the officer was acting within the scope of his authority, *held* correct.

7. ASSAULT AND BATTERY, § 22*—*when punitive damages allowed.*   Apparently it is the law in this State that punitive damages can be allowed in an action against a railroad company for assault and false imprisonment by one of its watchmen, who is also a special policeman of a municipality, serving without pay.

8. ASSAULT AND BATTERY, § 17*—*when requested instruction on right of special police officer to arrest person violating statute properly refused.*   In an action for assault on an alleged trespasser by a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

special police officer, an instruction that the officer had a right to arrest on sight any person who might be guilty of violating any statute, ordinance or breach of the peace, *held* properly refused where no ordinance creating any offense was in evidence.

9. ASSAULT AND BATTERY, § 22*—*when instruction on punitive damages erroneous.* An instruction stating under what circumstances punitive damages could be allowed for an assault by a special police officer in arresting a trespasser, *held* misleading and reversibly erroneous.

Appeal from the Circuit Court of Macon county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

CREA & HOUSUM, for appellant; JOHN G. DRENNAN, of counsel.

VAIL & MILLER, CHARLES C. LEFORGEE and HERRICK & HERRICK, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This appeal seeks to reverse a judgment for $1,250 in favor of Nelson Busick against the Illinois Central Railroad Company for an alleged assault and false imprisonment.

The first count of the declaration avers that the defendant in the City of Champaign, by its servant, G. G. Phillips, assaulted the plaintiff and wantonly, wilfully and maliciously struck plaintiff and severely bruised and maimed him, etc. The second count avers that the defendant by its servant, Phillips, assaulted plaintiff and imprisoned him without warrant of law, etc. The defendant filed a plea of the general issue and four special pleas. One of the special pleas avers that Phillips was a special officer or agent of the defendant, and was a special police officer, duly licensed and authorized by the Board of Police and Fire Com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

missioners of the City of Champaign, a municipal corporation; that plaintiff was unlawfully loitering and trespassing on the station grounds of defendant; that Phillips, as such special officer of defendant and police officer of the City of Champaign, requested the plaintiff to leave; that plaintiff inquired of Phillips if he was a police officer and was informed that he was; that said plaintiff still refused to leave; that thereupon Phillips arrested the plaintiff and the plaintiff resisted arrest and with force and arms assaulted Phillips, and that Phillips resisted such assault and took plaintiff into custody, etc. Two other special pleas are substantially similar to the foregoing. The fourth pleads a certain ordinance of the City of Champaign providing a penalty for persons unlawfully trespassing on the property of another, and that plaintiff was unlawfully on the grounds of defendant, etc.

The appellee is a man sixty-six years of age, who had been a farmer in Ford county but had lived in Champaign for about eight years. The depot of the Illinois Central Railroad in Champaign is on the west side of its tracks. The railroad runs north and south. Main street extends west from the west side of the depot. East of the depot and east of the tracks a footpath sixteen feet wide extends across the right of way of appellant. One hundred feet east from the depot there is an iron railing on each side of this path.

It is stipulated that Phillips, who is alleged to have made the assault and false arrest, was an employee of the appellant, employed as a railroad detective to guard the property of appellant; that his wages were paid by the appellant and that he was acting as a special policeman under the appointment of the authorities of the City of Champaign, without pay.

On the evening of January 15, 1912, Busick, who had been drinking some, was sitting on the iron railing by the path across the right of way east of the depot. Busick testified that Phillips, not in uniform,

came up to him and said to him, that he would have to move along, that this is Illinois Central property; that he, Busick, said he had seen men sitting there before and he was not bothering anybody; that Phillips said it was against the rule for any one to sit there and he would have to move; that he asked Phillips what authority he had to have him moved, and that Phillips said he was a trackman, and he told him to go and look after his track. Phillips testified that he said to Busick and some others sitting on the rail that they would have to move, and Busick asked him if he was an officer and he replied yes, and showed him his star; that he asked Busick if he was waiting for any person and Busick said no; that Busick then talked profanely and he, Phillips, told him he must move on and after his refusal to move, he took him by the arm and started towards the police station, Busick going without any resistance at first. On the way he determined not to go further with Phillips and thereupon there was a scuffle and both fell, when another policeman came up and the two took Busick to the police station. At the station Busick was asked his name and, although he had been arrested and fined several times in his right name for intoxication and disorderly conduct, he replied that his name was John Brown, whereupon Phillips took him by the wrist and twisted his arm, either to make him tell his right name or because he was resisting being searched. The arm was broken at the elbow, either in the fall, at the scuffle and fall or by the twisting at the police station.

It is argued that the court erred in refusing to admit in evidence (1) an ordinance of the City of Champaign; (2) a release and covenant not to sue the City of Champaign, executed by appellee; and (3) in sustaining objections to questions asked of appellee in his cross-examination. None of these questions can be raised in this court for the reason that neither in the motion for a new trial nor in the assignment of errors

is any mention made of any ruling concerning the admission or rejection of evidence.

It is contended that no recovery for appellee can be sustained under the evidence and that the court erred in refusing to direct a verdict for the appellant at the close of all the evidence. The evidence shows, in addition to the stipulation, that at the time Phillips was appointed special policeman, the secretary of the police and fire commission gave him directions as to his duties and instructed him that he would be ex- pected to render service with the regular police force. The secretary of the police and fire commission also talked to him about complaints that had been made concerning persons loitering and loafing around the Illinois Central depot.

From the evidence of Busick, although he was ar- rested on the depot grounds, he was not injured on the grounds of appellant but in the police station while he was being searched. Phillips testified that at the time appellee was injured, he was employed as a watch- man for the Illinois Central Railroad Company, "to look after the interests of the property, to see that nothing was stolen and people were not trespassing or loafing around the depot." "I had orders from the superintendent of the railroad not to allow anybody to sit on the fence." He was watching and looking after the railroad property in compliance with orders given him by the officials of appellant. What Phillips did was done while he was in the employ of appellant, and in removing appellee from appellant's property he was acting under the direct instructions of the superintendent of appellant not to allow any person to sit on the railing, as well as in the capacity of a policeman of the city. It was a question for the jury whether what Phillips did was within the scope of his employment and instructions from appellant.

"No trespass to property is a crime at common law unless it is accompanied by or tends to create a breach

of the peace.'' 38 Cyc. 1175. What appellee was doing, as shown by the evidence in the record, at the time Phillips arrested him does not come within any of the statutory definitions of trespass contained in the Criminal Code of Illinois (Hurd's St. Crim. Code, sections 266-269, J. & A. ¶¶ 3958-3961), and while an ordinance of the city concerning trespassing was offered in evidence, it was not admitted, and the ruling of the court on that question is not assigned for error. It does not appear necessarily that appellee had committed a criminal trespass. If he was on the premises of appellant without right there, it had the right to use necessary force to remove him, but anything beyond that was wrongful. There was no error in refusing the peremptory instruction.

Error is assigned and argued upon the giving of two instructions at the request of appellee. The first of these tells the jury that if under either count it believes from a preponderance of the evidence that plaintiff was assaulted by Phillips as charged, then it is a question for the jury to determine whether Phillips in making the assault was acting as the agent of defendant and within the scope of his authority as such agent. The gist of the second count is a false imprisonment. False imprisonment is a form of assault. That count charges that appellant beat, bruised and imprisoned appellee without warrant of law. We see no error in the instruction. The other given instruction complained of is concerning punitive damages. Appellant contends that ''punitive damages cannot be allowed in an action against a railroad company for assault and false imprisonment by one of its watchmen, who is also a special policeman of a municipality serving without pay.'' No authority is cited sustaining such contention and the rule in this State appears to be contra. *Chicago Consol. Traction Co. v. Mahoney*, 230 Ill. 562.

The court refused to give the eighth instruction as

asked by appellant. The instruction as asked might have been properly refused for the reason it told the jury, among other things, that "Phillips had a right to arrest on sight any person or persons who might be guilty of violating any statute, ordinance or breach of the peace"; and there was no ordinance creating any offense in evidence. The instruction also calls attention to the fact that appellant was required to give bond. The court, however, after modifying the instruction, gave it. The instruction as asked ended by telling the jury that if it believed, from the evidence, certain things, then the plaintiff could not recover. The last sentence of the instruction as modified and given is: "And if you believe from the evidence in this case that the plaintiff was trespassing upon the property of the defendant company, that he refused to leave the property upon the request of Phillips, then the said Phillips had a right to arrest the said plaintiff for trespassing, and if you believe from a preponderance of the evidence that Phillips did attempt to arrest the plaintiff for trespassing, and that the alleged injuries claimed to have been received by the plaintiff were received and sustained while the plaintiff was resisting such arrest, and were received in the exercise of reasonable and necessary force in making the arrest, and if injuries were received and inflicted by an employee of defendant while ostensibly acting in discharging duties within the scope of the purposes of the defendant because of the wrongful and vindictive act of such agent, and plaintiff had suffered actual pecuniary damages, then and in that case, only, may the jury impose punitive or exemplary damages."

All that part of the instruction after the words "resisting such arrest" was inserted by the court after erasing the conclusion of the instruction as it was presented. It has no logical connection with the preceding part of the instruction. No other instruction was given that attempted to state the law applicable to ap-

pellant's theory of the case. The instruction as given is very misleading and confusing, in telling the jury that if it believed all the different facts stated in the last sentence then only may punitive damages be imposed. For the error in giving this instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*