R. L. McCullers v. The State.

No. 5481. Decided November 19, 1919.

**1.—Injuring Fence of Another—Want of Consent.**

Upon trial of unlawfully breaking and pulling down and injuring the fence of another without his consent, it was essential that the proof should show that the alleged owner of the fence did not give his consent, and in the absence of said proof the same was reversible error. Following: Frazier v. State, 18, Texas Crim. App., 442.

**2.—Same—Chaufficiency of Evidence—Conflicting Testimony.**

Where, upon trial of unlawfully injuring the fence of another, there was a conflict of testimony as to whether the injury to the fence was due to the act of the defendant, the jury was authorized to settle this conflict, but in the absence of testimony that the alleged owner was in fact the owner and did not give his consent, the judgment must be reversed and the cause remanded.

Appeal from the County Court of Franklin. Tried below before the Hon. W. R. Irby, judge.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of ten dollars.

The opinion states the case.

*Wilkinson & Davidson,* for appellant.—Cited Tanner v. State, 50 S. W. Rep., 347; Anderson v. State, 29 id., 786.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, Judge.—It was charged that appellant did unlawfully "break, pull down, and injure the fence of C. C. Vaughn without the consent of the said C. C. Vaughn." On the subject of

ownership and want of consent two witnesses testified, one of these testifying that he saw the appellant break down the fence, and said "fence belonged to Wright and Vaughn." As to who Wright and Vaughn were, and as to whether one of them was the C. C. Vaughn named in the pleading, the record is silent. C. C. Vaughn testified that he owned a pasture on White Oak Creek, and that "if the appellant tore down a fence belonging to him, it was not with his consent." It was essential that the proof show that C. C. Vaughn named in the pleading was the owner of the fence within the meaning of the statute, and to prove that the injury to the fence was not with his consent. We are of the opinion that this proof was not made. Whether C. C. Vaughn was the person or one of the persons named by the witness who described the fence as belonging to Wright and Vaughn is not shown; and if it belonged to Wright and Vaughn the record should disclose which was in possession. Frazier v. State, 18 Texas. Crim. App. 442.

Art. 457, C. C. P., contains the following:

"Where one person owns the property, and another person has the possession, charge, or control of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them."

Speaking on this subject, Presiding Judge White, in Frazier's case, expressed the following:

"With regard to the pleading in theft, it is expressly provided that 'where one person owns the property, and another person has the possession, charge or (and) control of the same, the ownership thereof may be alleged to be in either.' (Code Crim. Proc., art. 426.) It 'may be alleged to be in either,' that is, it may and in most cases should only be alleged to be in one, and that one should be the one having the actual charge, control, and management. It is not in such cases necessary to allege ownership in the actual or general owner; the special owner is the one from whose possession the property is actually taken, and it is only necessary to allege a taking from him, and that it was without his consent. In other words, as the criterion in determining how ownership should be alleged, it should first be ascertained who was in 'the exercise of actual control, care, and management,' at the time the property was taken. If the actual owner, then 'the possession' was in him, and should be so alleged, though he may have agents or servants using the property at the time in subordination to his possession. But if the 'actual control, care, and management' at the time of the taking is in another, then this other is the special owner in 'possession' and it is his possession which has been despoiled, and the property should be alleged to be his and taken from his 'possession'

and 'without his consent,' without any mention of the actual or general owner—because the property was not 'taken' from the latter's 'possession.' What constitutes the control, care, and management of property must depend upon the circumstances of the particular case, in many instances.

"Proof must be made that the property was taken from the possession of the party in whose possession it was alleged to be. If the owner was not in actual possession, but another was, then, if the allegation placed it in the owner and the proof showed it in another who had the 'actual control, care, and management,' then the variance between the proof and the allegation would be fatal, and a conviction could not be had."

The record fails to show that C. C. Vaughn was in possession of the particular property which was injured, and leaves entirely uncertain the question as to whether the fence to the pasture which he owned was injured. All that can be gathered from his testimony is that he owned a pasture, and that he did not consent to the appellant tearing his fence down. The identity of the fence that he owned with the one torn down by the appellant should have been made to appear from the evidence.

There is a marked conflict in the evidence going to show that the injury to the fence was due to any act of appellant. The jury was authorized to settle this conflict of the evidence against the appellant, but we think was not authorized to find from the evidence that C. C. Vaughn was the owner of the fence, and for that reason the judgment of the trial court should be reversed and the cause remanded, and this order is made.

*Reversed and remanded.*