## FLEMING *v.* STATE.

Opinion delivered February 1, 1926.

1. MALICIOUS MISCHIEF—CUTTING WIRE FENCE—MALICE.—Under Crawford & Moses' Dig., § 2527, imposing punishment upon "any person who shall wilfully and maliciously cut or otherwise destroy any barbed or woven wire fence", etc., *held* that, while malice is a necessary ingredient of the crime, it was unnecessary for the State to prove express malice against the owner of the premises, as the circumstances might be sufficient to justify the inference of malice.

2. EVIDENCE—COMPETENCY.—In a prosecution for wilfully and maliciously cutting a wire fence on certain premises, it was not error to refuse to permit the introduction of a lease from a third person, where the lease did not describe the premises.

3. MALICIOUS MISCHIEF—CUTTING WIRE FENCE—CROPS.—Crawford & Moses' Dig., § 2527, providing punishment for wilfully and maliciously cutting any barbed or woven wire fence, intended to prevent such cutting or destruction of wire fences inclosing the owner's premises, whether crops had been planted thereon or not.

Appeal from Izard Circuit Court; *John C. Ashley,* Judge; affirmed.

*J. Paul Ward,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.   •

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Izard County for the crime of malicious mischief, under § 2527 of Crawford & Moses' Digest, and was adjudged to pay a fine as punishment therefor, from which is this appeal.

Appellant's first assignment of error is that the verdict is not supported by any evidence of a substantial nature. Thurman Smith was the owner and in possession of adjoining lots 9 and 10 in the town of Boswell, each of which was 62 feet wide. They fronted on the railroad right-of-way, and were inclosed by a wire fence. The State's testimony tended to show that the lots were fenced, and that the fence was cut in the night time by appellant. This testimony was of a substantial nature, and sufficient to support the verdict, unless it was incumbent upon the State to prove express malice by appellant

against Thurman Smith, as a necessary ingredient of the crime. The statute under which appellant was indicted is as follows:

"Any person who shall wilfully and maliciously cut or otherwise destroy any barbed or woven wire fence or break or burn the posts thereof shall be guilty of a felony if the damage done to fence and crops amounts to $10 or more, and a misdemeanor if the damage is less than $10. * * *"

This court construed a statute prohibiting malicious injury to animals to mean malice against the owner, and not against the animals, but ruled that malice against the owner might be presumed or inferred from the circumstances attending the killing. *Chappell* v. *State,* 35 Ark. 345. The statute was similar to the one under which appellant was indicted. We therefore interpret the statute under which appellant was indicted to mean that malice against the owner is a necessary ingredient of the crime, but hold, as the court did in *Chappell* v. *State, supra,* that it was unnecessary for the State to prove express malice against the owner of the lots, as the circumstances attending the cutting of the fence were sufficient to justify the jury in finding that the fence was cut on account of malice against Thurman Smith, the owner of said lots.

Appellant's second assignment of error was the refusal of the trial court to permit the introduction of a certain lease from the Missouri Pacific Railroad Company to appellant. This lease did not attempt to describe said lots 9 and 10, and could not therefore justify appellant in cutting a wire fence upon said lots. For this reason the lease was properly excluded from the jury.

Appellant's final assignment of error is that the statute under which he was indicted did not relate to the destruction of wire fences unless crops were inclosed by them. This would indeed be a very narrow construction of the statute. We think the purpose of the statute was to prevent the cutting or destruction of wire fences, including the owner's premises, irrespective of whether crops had been planted thereon.

No error appearing, the judgment is affirmed.