RAY KISSINGER ET AL. V. STATE OF NEBRASKA.

FILED OCTOBER 25, 1932. No. 28291.

*John S. Logan* and *Edmund Nuss,* for plaintiffs in error.

*C. A. Sorensen, Attorney General,* and *Homer L. Kyle, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY and PAINE, JJ.

PAINE, J.

From a conviction for trespass upon certain land in Clay county, following a jury trial, the defendants file a petition in error to the district court for Clay county, Nebraska.

The facts in the case, as set out in the bill of exceptions, disclose that for many years Frank B. Onken had been using a narrow strip of land lying to the west of the northeast quarter of section 9, township 6, range 8,

in Clay county, Nebraska, which strip of land was 18 feet wide at the north end and 3 feet wide at the south end, lying across the east side of the northwest quarter of said section. Considerable dispute had arisen between the adjoining owners as to this narrow tract, of land, which was inclosed in the fence with the northeast quarter owned by Mr. Onken, who had been notified not to plant the wheat then growing thereon.

The defendants Ray and Roy Kissinger were the sons of Henry Kissinger, the owner of the northwest quarter of the same section, and Kenneth Kissinger, the third defendant, is the grandson of Henry Kissinger. The evidence discloses that several surveyors had surveyed the land in question for Mr. Kissinger, and the original government survey did not show that the northeast quarter contained the strip of land in question; in fact, L. R. Rudd, county surveyor, employed by Henry Kissinger, found the original quarter section stones buried by former county surveyors. The notes of County Surveyor Varner disclosed that, in surveying this section some years before, he had found the original government stake at the north side and replaced it with a stone on June 17, 1881, and Surveyor Rudd also found the stone at the south end set by County Surveyor Sheets some years before. Mr. Henry Kissinger employed the said L. R. Rudd, the county surveyor and highway engineer of Clay county, to run the correct line through between his northwest quarter and the northeast quarter owned by Mr. Onken, and, according to the evidence of the county surveyor, who was present and using his transit, the three defendants were engaged in driving steel posts along the correct east line of the northwest quarter. Henry Kissinger was driving a truck west of the disputed strip of ground, conveying the posts. He instructed the young men not to step over on the northeast quarter at all, but to drive these posts from the west side, and, while engaged in setting this line of posts, Frank B. Onken came to the place on September 30, 1930, and ordered the three defendants and

the county engineer to get off of his land, and then had the county attorney file a complaint before the county judge, charging that the three defendants did, on September 30, 1930, unlawfully enter and go upon the inclosed and cultivated land upon the northeast quarter of section 9, township 6, range 8, in Clay county, without the consent of Frank B. Onken, who owns and occupies said land. The county surveyor, under section 26-1606, Comp. St. 1929, when in the performance of his official duties is not liable to prosecution.

The complaining witness himself would not testify that any of the three young men had stepped. over on the northeast quarter of said section, as charged in the complaint, while they were driving the posts. Henry Kissinger watched them from the truck and cautioned them not to step over the line, and the county engineer, who was watching every move as he ran his transit, said he noticed particularly that they did all of their work from the west side, so the evidence discloses conclusively that no one of the three young men stepped over on the northeast quarter of this section at the time in question.

The state insists in its brief that, if the description in the complaint advises the defendants with reasonable certainty of the place where the trespass occurred, it is all that is required, and if the trespass missed the spot charged by the length of an arm, it ought to be sufficient to show them the nature and cause of the accusation. However, no cases are cited in support thereof.

The defendants insist in their brief that the defendants cannot be convicted of a crime which is not within the terms of the offense charged in the complaint. They also contend that a charge of violating the law with reference to a certain piece of property is not sustained by proof of a violation as to other property. And further argue that this is true even though the statute itself did not require a specific description of the property, but if a specific description is given therein the evidence must sustain the charge.

Defendants cite the court to the case of *Stowe v. State,* 117 Neb. 440, which holds that the court will not ignore error as to any matter of procedure in a criminal action whereby the constitutional rights of the accused have been violated by failure to give him proper notice of the nature and cause of the accusation against him. Const. art. I, sec. 11.

Although Henry Kissinger had a deed for the northwest quarter of this section, and Mr. Onken had been notified not to plant the wheat on this disputed strip, he did not send his men upon this disputed strip by stealth, but openly, in the daytime, with steel posts, and employed the county surveyor, who was present and carefully running a line between the two stones marking the division line, when Mr. Onken appeared upon the scene and notified them to get off at once. Mr. Onken then went to the county attorney and succeeded in having the county attorney bring this criminal action for trespass under section 76-808, Comp. St. 1929, against the three defendants, when it is clear that the courts were open for a civil action to determine the title and ownership of the disputed strip of land lying in the northwest quarter of this section.

In the case of *Steele v. State,* 191 Ind. 350, we read: "The prosecution really turns out to be a suit for possession. The statute of the criminal law upon which this prosecution is based was not intended to be used as an aid to gain possession of real estate or in ousting an occupant thereof who gained such occupancy lawfully, and who thereafter held over his rightful term without right. It is the well-settled law in this state, and of many other states, that it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property."

"Unless a trespass is accompanied by or tends to produce a breach of the peace, it is not a crime at common law." *Busick v. Illinois Central R. Co.,* 201 Ill. App. 63.

No conviction can be had under Miss. Code 1906, sec.

1389, punishing wilful or malicious trespass, in the absence of proof that the trespass committed was wilful or malicious. *Barnett v. State,* 124 Miss. 884.

And, again, *Myers v. State,* 190 Ind. 269: "The law of criminal trespass, and of this case, is that criminal intent is an essential element for consideration, and if the act prohibited is committed in good faith, under a claim of right, no conviction will lie; but the belief in the right to do the act complained of must have a fair and reasonable foundation, which is a question for the jury, and it must appear from the evidence that defendant not only entered under a *bona fide* belief in his right to enter, but that he had reasonable grounds for such belief."

It is the well-settled law of many states that it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property. *Steele v. State,* 191 Ind. 350, 18 A. L. R. 500.

The machinery of the criminal law cannot be set in motion to redress merely private grievances, or to settle questions of property rights between defendant and another. *Barlow v. State,* 120 Ind. 56; *Hughes v. State,* 103 Ind. 344, 5 Am. Cr. Rep. 373; *Lyon v. Fairbank,* 79 Wis. 455, 24 Am. St. Rep. 732.

We find that "The weight of authority is that criminal intent is an essential element of the statutory offense of trespass, even though the statute is silent as to intent, and if the act prohibited is committed in good faith, under claim of right, color of title, accidentally, or in ignorance, no conviction will lie, the view taken being that when the statute affixes to a trespass the consequences of a criminal offense, it will not be presumed that the legislature intended to punish criminally acts committed in ignorance, by accident, or under claim of right, and in the *bona fide* belief that the land is the property of the trespasser, unless the terms of the statute forbid any other construction." 38 Cyc. 1179.

It is strenuously argued in the brief of defendants that the charge of trespassing upon the northeast quarter of

this section would not be sustained by proof of trespassing upon the northwest quarter. While the statute does not seem to require a definite description of the property, yet when the complaint charges a crime with reference to a certain definite tract of property therein set out, does it not violate section 11, art. I of our Constitution, which requires the defendants to be given the exact nature and cause of their offense to convict them for a trespass on other land?

It is not possible to reconcile all of the authorities upon this point. But we think it would be found that, where the place is stated, not as a venue but as a matter of local description, a variance between the description of it in the indictment and the evidence on the trial will be fatal. *State v. Kelley,* 66 N. H. 577.

Under these authorities, the defendants being tried on such a complaint would have the right to introduce evidence attempting to show that the place described in the complaint was not where the offense, if any was committed, occurred, and this question under this complaint was a question for the jury.

There is evidence that the defendants thought they had a legal right to go upon this land and did not intend to commit any criminal act, and this question, as well as the others discussed in this opinion, can be submitted to a jury in another trial under proper instructions.

REVERSED.