(No. 6217.   July 5, 1935.)

STATE, Respondent, v. ALEX JACOBSON, Appellant.

[47 Pac. (2d) 228.]

T. P. Wormward and Therrett Towles, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

GIVENS, C. J.—In the probate court of Shoshone county, appellant was found guilty under I. C. A., secs. 17–4306 and 17–4307, of tearing down and destroying fences and fencing of one John Hanninen, and on appeal to the district court was convicted by a jury, his motion for a new trial denied and this appeal is from the consequent judgment and such denial.

Appellant's suggestion for diminution of the record to supply the certificate of the trial court as to the record considered on motion for new trial, and motion to amend his specifications of error are granted. (*Zienke v. Northern Pacific Ry. Co.*, 7 Ida. 746, 65 Pac. 431; *Coey v. Cleghorn*, 10 Ida. 162, 77 Pac. 331; *Mendini v. Milner*, 47 Ida. 322, 276 Pac. 35; *Idaho Gold Dredging Corp. v. Boise Payette Lbr. Co.*, 54 Ida. 270, 30 Pac. (2d) 1076; *Oatman v. Hampton*, 43 Ida. 675, 256 Pac. 529; *Berg v. Corey*, 40 Ida. 278, 232 Pac. 904.)

All errors specified in effect raise the sole question of whether the evidence sustains the verdict. The statutes under which the prosecution was laid[1] do not make intent

---

[1] I. C. A., sec. 17–4306. "Trespass—Acts constituting.—Every person who wilfully commits any trespass, by either: . . . . 6. Wilfully opening, tearing down, or otherwise destroying any fence on the inclosed land of another, or opening any gate, bar, or fence of another and wilfully leaving it open, or using the corral or corrals of another without the permission of the owner; or . . . . Is guilty of a misdemeanor."

I. C. A., sec. 17–4307. "Criminal trespass—Definition and punishment.—Any person who, without consent of the owner or person in charge of any lands, which are inclosed by fences of any description sufficient to show the boundaries of the land inclosed, shall go upon such lands and shall leave open any gates on or about said premises, or who shall tear down or lay down any fencing, or who shall go through cultivated crops that have not been harvested, or who shall damage any property thereon, is guilty of a misdemeanor. . . . . "

other than the general intent necessarily an ingredient of every offense under I. C. A., sec. 17–101, an element of the offense. (*State v. Sterrett,* 35 Ida. 580, 207 Pac. 1071, 11 A. L. R. 1434; 63 C. J. 1079, sec. 309.)

Appellant contended and urged as a defense his good faith, based upon the belief that the fence was on his own land. There is, however, substantial evidence that appellant actually and purposely tore down fencing, the accused act, on land claimed and occupied by another, which made a case for the jury (*State v. Adams,* 91 Kan. 642, 138 Pac. 580. See, also, 25 C. J. 1037, sec. 46, and cases; *Kissinger v. State,* 123 Neb. 856, 244 N. W. 794; *Hayes v. State,* 13 Ga. App. 647, 79 S. E. 761; *Woods v. State,* 10 Ga. App. 476, 73 S. E. 608; *McCullers v. State,* 86 Tex. Cr. R. 247, 216 S. W. 182; *Clark v. State,* 50 Ark. 570, 9 S. W. 431; *Becker v. State,* 56 Tex. Cr. R. 92, 119 S. W. 95; *Fleming v. State,* 170 Ark. 344, 279 S. W. 778; *Scott v. State,* 180 Ark. 408, 21 S. W. (2d) 186); which under instructions not complained of resolved the conflict against appellant.

Judgment affirmed.

Budge, Morgan and Holden, JJ., concur.

Ailshie, J., sat but took no part in the opinion.