## WINDSOR *v.* THE STATE.

A criminal prosecution is not a proper mode of trying title to real estate.

A person without color of title could not defeat a criminal prosecution, for malicious trespass upon lands, by setting up title in himself; but where he has a paper title apparently valid on its face, and claims in good faith to be owner, and is in possession, by himself or by another occupying by his direction, a prosecution for a malicious trespass to the damage of a third person, will not lie, although such person, in the end, prove to have the better title.

APPEAL from the *Dubois* Court of Common Pleas.

WORDEN, J.—Prosecution against *Windsor* for a malicious trespass committed by him, as was alleged, upon a dwelling house belonging to the "trustees, in trust for the *Methodist Episcopal Church* of the *Indiana Annual Conference.*"

Trial by the Court; conviction and judgment, a motion for a new trial having been overruled.

It appears by the evidence, all of which is set out, that at the time the trespass was committed, one *Lindsey Elkins* was in possession of the property by the direction of the defendant, but was about moving out, and had moved a part of his household furniture; and one *Sarah Jane Cone* was about moving into the house, or perhaps had moved in, by the authority of the trustees of the church. The defendant claimed the property as his own, and removed the doors, and otherwise injured the house, saying that he was going to move it away. In *March,* 1848, one *Samuel Winegar* and wife conveyed the land on which the

*Friday, December 9.*

Nov. Term, 1859.

WINDSOR
v.
THE STATE.

house stood, to the trustees of the church, but at what time the deed was recorded does not appear. The land thus conveyed was a small piece estimated to contain three acres and a half out of a certain tract. Afterwards, in *September*, 1852, the said *Winegar* and wife conveyed the whole of said tract, without exception or reservation, to said *Lindsey Elkins*, and in *December*, 1854, *Elkins* and wife conveyed the above tract to the defendant. The defendant thus had a paper title to the premises, derived from the same source as that held by the trustees. It may have been a valid title, for it does not appear at what time the deed to the trustees was recorded, nor was there any evidence showing that either *Elkins* or the defendant had notice thereof before receiving their respective conveyances. The house appears to have been in the possession of the defendant, as *Elkins* was occupying it by his direction.

The question arises whether, under these circumstances, the defendant can be held responsible criminally, for a trespass committed upon the house. We think not.

In *Howe* v. *The State*, 10 Ind. R. 492, it was decided that a man cannot be held criminally responsible for destroying timber upon lands of which he holds the possession by virtue of a contract obtained by fraud.

We do not think a criminal prosecution a proper mode of trying the title to real estate.

A person without color of title, could not defeat a criminal prosecution for malicious trespass upon lands, by setting up a title thereto in himself; but where he has a paper title, apparently valid on its face, and claims, in good faith, to be the owner, and is in possession, either by himself or others occupying by his direction, he cannot be prosecuted criminally for a trespass committed thereon by him, to the damage of a third person, although such third person, in the end, may prove to have the better title.

The motion for a new trial should have prevailed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. J. Simpson*, for the appellant.