DAWSON v. THE STATE.

CRIMINAL LAW.—*Malicious Trespass.*—The distinction between the civil action for trespass and the criminal prosecution for malicious trespass should be strictly maintained, and the criminal action should not be sustained as a means of redressing a private grievance, or for the purpose of determining the title to real estate.

SAME.—*Malice.*—*Evidence.*—Malice is an essential ingredient of the crime of malicious trespass; and where, on the trial of a prosecution for malicious trespass in removing a fence erected by the prosecuting witness, it was proved that the defendant, in removing the fence, acted under a claim of ownership of the land on which it was erected, through a long line of written title, with a colorable right, and under professional legal advice, and with apparent good faith, there could be no conviction.

From the Dearborn Circuit Court.

*J. W. Dawson*, *J. Schwartz* and *W. H. Bainbridge*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J. — Prosecution by affidavit and information against the appellant, for malicious trespass in removing a fence, the property of George Robertson. Trial, conviction, fine, appeal.

The record is lengthy and tedious. Without stating the proceedings in detail, suffice it to say that the appellant has brought the case before us upon its merits; and, without noticing various points elaborated in the brief for appellant, all of which fall within the main question, did the court err in overruling the motion for a new trial? we proceed at once to the ground of the controversy.

From the evidence, which is all before us, it appears that John Dawson, the father of the appellant, in 1812, became the owner of a certain quarter of a section of land, described, lying in Dearborn county, by purchase from the United States. In 1827, he sold and conveyed to Benjamin Williams a certain five acres of said quarter, described by metes and bounds, lying on the north side of the west fork of Tanner's Creek. Through several links in the chain of title, this five acres deeded by John Dawson to Williams became and now is the property of George Robertson, the prosecuting witness. The title to the remaining portion of the quarter, lying on the south side of Tanner's Creek, opposite the five acres so conveyed by John Dawson to Williams, has remained in the Dawsons continuously since 1812, and by descent became, and now is, the property of the appellant. The ancestor, John Dawson, after his sale and conveyance of the five acres to Williams, still claimed title to the bed of Tanner's Creek, as not included, in any part, in his conveyance to Williams, and before that time and afterwards, until his death, in 1848, exercised open acts of authority and ownership over the bed of the creek, by hauling stone therefrom, from parts which are now disputed grounds. The Dawsons, to whom the lands south of the creek descended, upon the

death of their ancestor, still claimed title to the bed of the creek, and continuously exercised authority and ownership over it, until it became the property in severalty of the appellant, who has since continuously claimed the same rights and exercised the same authority over the disputed grounds. The Dawsons claim, and always have claimed, that the south line of the five acres conveyed by John Dawson to Williams runs along the north bank of Tanner's Creek, while Robertson seems to claim that the line should follow the thread of the stream. In May, 1875, Robertson erected a fence, by sinking posts and nailing boards upon them, several feet south of the north bank of Tanner's Creek, in the bed of the stream. The appellant, a short time afterwards, and after taking legal advice, gave Robertson written notice to remove the fence erected by him, within ten days, or the appellant would remove it himself. Robertson failed to remove the fence, as notified, and the appellant, on the 8th day of June, 1875, without doing any unnecessary damage, caused the same to be removed, by knocking off the boards, taking up the posts, and piling the lumber up on the north bank of Tanner's Creek, within the premises of Robertson, the prosecuting witness. These are the essential facts of the case.

We do not give any construction to the words in the several conveyances, by and through which Robertson holds title to his lands. We do not decide whether the line between these two neighbors runs along the north bank of Tanner's creek, or follows the thread of the stream. We intimate no opinion as to whether trespass would lie against the appellant, brought by Robertson in a civil action; nor as to which of these men might ultimately prevail in a trial of their civil rights as to the line between them. But we are clearly of the opinion that there is no sufficient ground for a criminal prosecution against the appellant. The distinction between trespass and malicious trespass must be carefully ascertained and firmly applied in each case. The redress for a trespass belongs to the action of the parties

through the courts in a civil suit; the punishment for a malicious trespass belongs to the State in a criminal prosecution. The two must not be confounded as the same. A citizen may not invoke the severity of the criminal law to redress his private grievances. It was aptly said in the case of *Windsor* v. *The State*, 13 Ind. 375, by WORDEN, J., in delivering the opinion of this court: "We do not think a criminal prosecution a proper mode of trying the title to real estate;" and we think the words are particularly applicable to the present case. See, also, *Palmer* v. *The State*, 45 Ind. 388. Malice is an indispensable ingredient in the offence. It must be alleged and proved, or no conviction can follow.

In the case before us, there is no evidence of malice on the part of the appellant against the prosecuting witness, nor of any malicious intent in removing the fence. He acted under a long line of written title, with at least a colorable right, under professional advice, and with apparent good faith. Indeed, we think the evidence repels the idea of malice, instead of proving the fact beyond a reasonable doubt. It seems to us the court below failed to maintain the distinction between trespass and malicious trespass, so essential to the rights of the parties.

The judgment is reversed; cause remanded, with direction to grant the motion for a new trial, and for further proceedings.