## MYERS v. STATE OF INDIANA.

### [No. 23,787.   Filed March 15, 1921.]

1. TRESPASS.—*Criminal Trespass.—Elements.—Criminal Intent.* —*Statute.*—In a prosecution under §2280 Burns 1914, Acts 1905 p. 584, §388, for criminal trespass, criminal intent is an essential element, and if the act prohibited is committed in good faith, under claim of right, no conviction will lie, but the belief in the right to do the act complained of must have a fair and reasonable foundation.   p. 272.

2. TRESPASS.—*Criminal Trespass.—Evidence.—Sufficiency.*—In a prosecution under §2280 Burns 1914, Acts 1905 p. 584, §388, for criminal trespass, evidence *held* to show that defendant acted in good faith in the belief that he had a legal right to use a way on the land of the prosecuting witness, so that, in the absence of criminal intent, the controversy was one to be determined in a civil action.   p. 273.

3. TRESPASS.—*Criminal Trespass.—Statute.—Score.*—The penal statute (§2280 Burns 1914, Acts 1905 p. 584, §388), relating to criminal trespass, was not designed to try disputed rights in real estate, but was intended to punish those who wilfully and without a *bona fide* claim of right commit acts of trespass on the lands of others.   p. 273.

From Noble Circuit Court; *Luke H. Wrigley,* Judge.

Prosecution by the State of Indiana against Charles T. Myers. From a judgment of conviction, the defendant appeals. *Reversed.*

*Grant & Foote* and *Virgil Nobles,* for appellant.

*Ele Stansbury,* Attorney-General, *Aladar N. Hamborszky,* for the State.

TRAVIS, J.—This was a prosecution upon an affidavit, which charged appellant with violating §2280 Burns 1914, Acts 1905 p. 584, §388, otherwise known as the "criminal trespass statute"; there was a trial by jury, which resulted in a conviction by a verdict of guilty, and a judgment upon the verdict, from which the defendant, appellant herein, appealed to this court.

The only error assigned is the overruling of a motion for a new trial.

Appellant purchased a tract of land, the northeast corner of which joined with the southwest corner of the land owned by the prosecuting witness. The land purchased by appellant did not lie along a public highway, but he and his grantor used a strip of land about fifteen feet in width, which was along the west boundary line of the land of the prosecuting witness, which strip extended from the southwest corner of the land of the prosecuting witness north, and to the public highway, which bordered on the north line of the land of prosecuting witness. For a period of time more than thirty-four years the major part in length of this strip of land was used by divers persons in going to and from a small lake which adjoined and was east of the land of appellant and south of the land of the prosecuting witness, and by divers persons to reach a water-power mill, and by divers persons who went to this lake to fish. In this period of time, and for eight years before this

prosecution, the south end of the way, so heretofore used, was changed to go straight south along the entire west line of the land of the prosecuting witness, from the public highway on the north to the northeast corner of appellant's land, and this was, and had been, used continuously by the appellant and his grantor as the only way used for ingress and egress to appellant's land. Appellant, at the time he moved upon his land, took with him a sawmill, and, besides sawing his own timber, did custom sawing for divers other persons, who hauled their logs to this mill, and hauled the lumber out over the roadway in controversy. During the early years that this roadway was used, the prosecuting witness and his grantor did not maintain gates across it, but later, after appellant had occupied his own land, prosecuting witness placed gates across the roadway at the points where his field fences would otherwise have crossed it in connecting with the partition fence on the west side of his land. Appellant did not pay any consideration for the use of said roadway, except that he made some repairs upon it by repairing a culvert and filling holes. The prosecuting witness used this roadway in going to and from some of his fields. Appellant's homestead was located on his tract of land, which homestead was used as such by his grantor. A short time prior to this prosecution, the prosecuting witness, together with another person, who was a witness in this case, went to the home of appellant and notified him that he was forbidden to come upon the place of the prosecuting witness. Appellant was not then, at the very time of being so forbidden, preparing or about to go upon the land of, or the roadway belonging to the prosecuting witness, but did pass over the roadway the following day with his team and wagon to go out to the public highway. Appellant maintained he had a right to use the strip of land so used as a roadway, which

right could not be taken away from him by the prosecuting witness. These are the essential facts of the case.

The motion for a new trial contained twenty-three assignments of error, of which number appellant relies only upon the first five assignments of error for consideration on his appeal, the first of which is the only one considered necessary for a determination of the case.

The only assignment of error so considered is as follows: First. The court erred in overruling the appellant's motion for a new trial, under which is the following specification: The verdict of the jury is not sustained by the evidence.

There was evidence introduced upon the trial by both the state and defendant to indicate that anyone who cared to do so used this roadway, as the route thereof was slightly changed, without any objection from the owner of the land, the prosecuting witness, or from his immediate or remote grantors, for a time "when the memory of man runneth not to the contrary." One witness, more than eighty years of age, testified that a passage had been used generally over this route from the north to the lake on the south, thence around the lake, since 1843, to his recollection. The appellant in his presentation of evidence in defense, and by his own evidence, relied upon the way in question being such that it could not rightfully be closed against him by the prosecuting witness.

The law of criminal trespass, and of this case, is that criminal intent is an essential element for consideration, and if the act prohibited is committed in 1. good faith, under a claim of right, no conviction will lie; but the belief in the right to do the act complained of must have a fair and reasonable foundation, which is a question for the jury, and it must ap-

pear from the evidence that defendant not only entered under a *bona fide* belief in his right to enter, but that he had reasonable grounds for such belief.

This prosecution resolves itself into a suit to try the rights of the parties in the real estate described in the affidavit, which, stripped of its criminal setting, is a civil controversy. It has long been the law in this state, as well as of many other states, that the penal statute relating to criminal trespass was not designed to try disputed rights in real estate, but such law was intended to punish those who wilfully and without a *bona fide* claim of right commit acts of trespass on the lands of others. *Windsor* v. *State* (1859), 13 Ind. 375; *Palmer* v. *State* (1873), 45 Ind. 388; *Dawson* v. *State* (1876), 52 Ind. 478; *Lossen* v. *State* (1878), 62 Ind. 437; *Hughes* v. *State* (1885), 103 Ind. 344, 2 N. E. 956; *Hateley* v. *State* (1903), 118 Ga. 79, 44 S. E. 852; *Boykin* v. *State* (1898), 40 Fla. 484, 24 South. 141. And, quoting from the case of *Lossen* v. *State, supra,* "If the appellant believed in good faith, that he had a right to use said way, and used it in that belief, on the occasion charged in the indictment now before us, he was not guilty as charged in said indictment"; as the law of the case at bar, this court is of the opinion that the appellant, from the evidence in the record, so acted in the premises.

The judgment is reversed, and the cause remanded, with directions to grant the motion for a new trial, and for further proceedings in accordance with this opinion.

Townsend, J., absent.