## STEELE *v.* STATE OF INDIANA.

[No: 23,920.   Filed November 15, 1921.]

1. TRESPASS.—*Criminal Trespass.—Vacation of Premises by Tenant.—Occupancy by Subtenant after Demand for Possession.—Statutes.*—Without a reservation in the lease forbidding subletting, a tenant has a right to sublet the leased premises, and one who entered as a subtenant was in lawful possession, and where such subtenant, after the tenant had vacated, con-

tinued to occupy the premises, his possession was not rendered unlawful by notice from the owner to depart, so as to render him liable in a prosecution for criminal trespass under §2280 Burns 1914, Acts 1905 p. 584, providing for the prosecution of one unlawfully upon the land of another, and refusing to depart when notified to do so. p. 352.

2. TRESPASS.—*Criminal Trespass.*—*Scope and purpose of Statute.*—It is an abuse of the penal statute (§2280 Burns 1914, Acts 1905 p. 584) relating to criminal trespass to use it to try disputed rights in real property. p. 353.

From Gibson Circuit Court; *Henry Kister,* Special Judge.

Prosecution by the State of Indiana against Della Steele. From a judgment of conviction, the defendant appeals. *Reversed.*

*Hovey C. Kirk* and *Thomas Duncan,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This was a prosecution for criminal trespass, as defined by §2280 Burns 1914, Acts 1905 p. 584. From a verdict of guilty by the jury defendant appeals.

The real estate involved in this prosecution consisted of a platted lot upon which was a dwelling house, all of which had been rented to one who, together with his wife, occupied the same. This tenant died in the month of August and his widow continued as the occupant of the leased premises. She paid the rent after her husband's death for the months of August and September, and became the tenant of the owner thereof for said time. In the early part of September she took into the dwelling house with her, the appellant and his family and received rent from him for such occupancy. The owner of the property knew that the defendant and his family were living in the house with its tenant, and that the appellant was paying its tenant for such occupancy. The real tenant moved out of the dwelling house at the end of September and notified the owner that it would

have to look to appellant, who was now the occupant of the premises, for any further rent. Appellant went to the office of the owner and sought to make a lease for the property, which was refused, but he continued as such occupant until November 20. November 8, an agent of the owner of the premises went to the house and told appellant, "I told him I wanted possession of the property." Thereafter this prosecution was begun upon an affidavit made by an agent and employe of the owner. Prior to the beginning of this prosecution an action in ejectment was begun by the owner of the property against the appellant in the court which tried this cause.

The only error assigned is the overruling of the motion for a new trial. Of the twenty-seven errors alleged in the motion, only three are pointed to in appellant's brief, the first of which is the only one considered necessary for a determination of this appeal, and which is: The verdict of the jury is contrary to law.

It is undisputed that appellant occupied said premises as a subtenant and that he paid rent therefor to the tenant for the month of September, for which

1.    month the tenant had paid her rent to the owner. The appellant was lawfully upon the land described in the charge. This is the crux of this case. It is the foundation or lack of foundation for a criminal intent, which to sustain a conviction must be proven by competent evidence. The statute says, "Whoever, * * * being unlawfully upon the * * * land of another, shall be notified to depart," etc. Without a reservation forbidding a tenant to sublet the premises or any part thereof, she had the right to sublet the same, and the appellant being a subtenant of the premises with her permission, he was there lawfully, which lawful occupancy and possession cannot be made unlawful in the sense of making such occupancy a violation

of the criminal statute of trespass, by being notified to depart from the premises, or to give up possession. If such occupancy and possession once acquired legally became unlawful by notice to depart or to give up possession of the land or premises, it is based upon the statutes which give the right of possession of real estate to the owner, which relates to a tenant holding over, or to an occupancy without paying rent, or to a forcible entry and detainer. If the original going upon the land and occupancy thereof was unlawful the owner had a good remedy at law and an action for forcible entry and detainer. If being upon the land and the possession thereof was unlawful, and no rent was being paid for the property by the occupant, or that the occupant had no lease therefor, still the owner had a good remedy at law in an action for ejectment.

The prosecution really turns out to be a suit for possession. The statute of the criminal law upon which this prosecution is based was not intended to be used as an aid to gain possession of real estate or in ousting an occupant thereof who gained such occupancy lawfully, and who thereafter held over his rightful term without right. It is the well-settled law in this state, and of many other states, that it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property. *Dawson* v. *State* (1876), 52 Ind. 478; *Myers* v. *State* (1921), 190 Ind. 269, 130 N. E. 116. It is the opinion of the court therefore that the verdict is contrary to law.

The judgment is reversed and the cause remanded with directions to grant a new trial, and for further proceedings in accord with this opinion.

Myers, J., absent.