27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eugene LYSIAK, Plaintiff-Appellant,
v.
TOWN OF LOWELL, INDIANA, et al., Defendants-Appellees.
 Nos. 93-1677, 93-2114.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.*
Decided July 6, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied Aug. 12, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Eugene Lysiak, proceeding pro se, appeals the district court's grant of summary judgment to all defendants in this civil rights action under 42 U.S.C. Sec. 1983. We affirm.
 
 
 2
 Lysiak was arrested without a warrant on June 18, 1989 by officers of the Lowell, Indiana police department for criminal trespass on property located at 17623 Calhoun Street in Lowell. Title to this property was subject to marital dissolution proceedings in Indiana state court between Lysiak's son Kenneth and defendant Anthoula Noerenberg (formerly Anthoula Lysiak, the ex-wife of Kenneth Lysiak) at the time of Lysiak's arrest.
 
 
 3
 Lysiak asserts that the arresting officers did not have probable cause to arrest him in violation of the Fourth Amendment. "For an arrest to be constitutionally valid, it must be made with probable cause." Bostic v. City of Chicago, 981 F.2d 965, 968 (7th Cir.1992), cert. denied, 113 S.Ct. 3038 (1993). Police officers have probable cause to arrest if, "at the moment the arrest was made ... the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that the suspect "had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); accord Hunter v. Bryant, 112 S.Ct. 534, 537 (1991); Bostic, 981 F.2d at 969.
 
 
 4
 The State of Indiana defined criminal trespass at the time of Lysiak's arrest as follows:
 
 
 5
 (a) A person who:
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or his agent ...
 
 
 9
 (4) knowingly or intentionally interferes with the possession or use of the property of another person without his consent; or
 
 
 10
 (5) not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without his consent;
 
 
 11
 commits criminal trespass, a Class A misdemeanor.
 
 
 12
 Ind.Code Sec. 35-43-2-2 (1988). On June 18, 1989, Anthoula Noerenberg and her husband Paul appeared in person at the Lowell Police Department and filed a complaint stating that Lysiak was trespassing on their property located at 17623 Calhoun Street and requesting that he be removed from the property immediately. Prior to filing the complaint, the Noerenbergs supplied the Police Department with two certified court documents. The first document was an order of the Porter County Superior Court, dated June 6, 1989, stating that "[t]he marital property at 17623 Calhoun St., Lowell, Indiana is awarded to Petitioner Anthoula Noerenberg with the sole and exclusive title ordered in her name." The second document was an order of the Porter County Superior Court stating that the bailiff of the court was appointed as commissioner for the purpose of conveying a deed for the Calhoun Street property. Anthoula Noerenberg returned to the property and, in the presence of the officers, informed Lysiak that he was trespassing on the property. Lysiak initially refused to leave, then twice left the property and returned almost immediately. The officers then arrested Lysiak. Lysiak did not provide the officers with any documents indicating that he was the lawful owner of the property prior to his arrest, and could not have provided any such documentation because title to the property had been awarded to Anthoula Noerenberg in the marital dissolution proceeding. The officers clearly had probable cause to arrest Lysiak for criminal trespass because the certified court documents established that Anthoula Noerenberg was lawfully in possession of the property, and Lysiak provided no evidence demonstrating that he had a contractual interest in the property.[1] The district court therefore properly granted summary judgment to the officers on Lysiak's false arrest claim.[2]
 
 
 13
 Lysiak asserts that the Town of Lowell and the arresting officers deprived him of liberty and property without due process of law in violation of the Fourteenth Amendment by failing to follow the terms of the Indiana Ejectment Act, Ind.Code Sec. 32-6-1.5-1 et seq, in adjudicating disputed rights to the property.[3] The denial of procedural rights is not actionable under 42 U.S.C. Sec. 1983 unless the plaintiff lacks adequate remedies under state law. Zinermon v. Burch, 494 U.S. 113, 127-30 (1990); Parratt v. Taylor, 451 U.S. 527, 540-43 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Wolf-Lillie v. Sonquist, 699 F.2d 864, 871 (7th Cir.1983). Lysiak's procedural due process claim implicates the tort of conversion, which is actionable under Indiana law. See, e.g., Chesterton State Bank v. Coffey, 454 N.E.2d 1233, 1237 (Ind.Ct.App.1983); Howard Dodge & Sons, Inc. v. Finn, 391 N.E.2d 638, 640-41 (Ind.Ct.App.1979). Lysiak does not assert that his state tort law remedies are inadequate as a matter of law, and the record contains no evidence that these remedies are in fact inadequate. Therefore, summary judgment to the defendants was appropriate on Lysiak's procedural due process claim.[4]
 
 
 14
 Lysiak raises several claims against Anthoula and Paul Noerenberg personally under 42 U.S.C. Sec. 1983. A plaintiff may bring an action under 42 U.S.C. Sec. 1983 to redress constitutional violations committed under color of state law. 42 U.S.C. Sec. 1983. Private parties act under color of state law for purposes of Sec. 1983 when they willfully participate with state officials in depriving others of constitutional rights. Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The record contains no evidence of any willful collaboration between the Noerenbergs and state officials. The district court properly granted summary judgment to the Noerenbergs on Lysiak's Sec. 1983 claims because they did not act under color of state law.
 
 
 15
 The district court also granted summary judgment to the defendants on claims that: (1) the police officers used excessive force in effectuating Lysiak's arrest in violation of the Fourth Amendment; (2) the defendants subjected Lysiak to cruel and unusual punishment in violation of the Eighth Amendment; (3) the defendants denied Lysiak equal protection of the laws in violation of the Fourteenth Amendment; and (4) the defendants violated Lysiak's rights under 42 U.S.C. Sec. 1985. Lysiak has not raised these arguments in his appellate brief, nor has he challenged the district court's ruling with respect to these issues. Therefore, we decline to consider these claims. E.g., Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 537 n. 5 (7th Cir.1992); Smith v. Town of Eaton, Indiana, 910 F.2d 1469, 1471 (7th Cir.1990), cert. denied, 499 U.S. 962 (1991); Cannon v. Teamsters & Chauffeurs Union, Local 627, 657 F.2d 173, 177-78 (7th Cir.1981); see also Fed.R.App.P. 28(a)(5).
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Lysiak asserts that the officers did not have probable cause to arrest him because under Section 7 of the Indiana Ejectment Act, Ind.Code Sec. 32-6-1.5-7 (1988), "defendants did not have the power or authority to lawfully enforce a court order of possession." Appellant's Br. at 29. Lysiak cites no relevant authority supporting this interpretation of the statute. We need not determine whether this proposition is correct as a matter of Indiana law because the criminal trespass statute is distinct from the Indiana Ejectment Act, e.g., Steele v. State, 132 N.E. 739, 739-40 (Ind.1921), no civil ejectment action occurred here, and the officers had probable cause to arrest Lysiak for criminal trespass as defined in Ind.Code Sec. 35-43-2-2 (1988)
 
 
 [2]
 Assuming, arguendo, that the officers did not have probable cause to arrest Lysiak, the officers would nevertheless be entitled to summary judgment on the grounds of qualified immunity because their decision to arrest Lysiak was reasonable even if mistaken. Hunter v. Bryant, 112 S.Ct. 534, 536-37 (1991); Anderson v. Creighton, 483 U.S. 635, 641 (1987). The decision to arrest Lysiak was reasonable because the certified court documents demonstrated that Anthoula Noerenberg was lawfully in possession of the property, and Lysiak provided the officers with no evidence indicating that he had a contractual interest in the property
 
 
 [3]
 To the extent that the complaint alleges that Lysiak's substantive due process rights were violated by his false arrest and the use of excessive force, these claims are properly analyzed under the Fourth Amendment. Albright v. Oliver, 114 S.Ct. 807, 813-14 (1994) (plurality opinion); Graham v. Connor, 490 U.S. 386, 395 (1989). Lysiak's false arrest claim fails because the officers had probable cause to arrest Lysiak for criminal trespass, and Lysiak's excessive force claim, discussed infra, has been waived on appeal
 
 
 [4]
 Assuming, arguendo, that Lysiak's state law remedies are inadequate as a matter of law, his procedural due process claim for failure to follow the Indiana Ejectment Act is nevertheless without merit. It is well-established in Indiana that "it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property." Steele v. State, 132 N.E. 739, 740 (Ind.1921); accord Barber v. State, 155 N.E. 819, 822 (Ind.1927); Myers v. State, 130 N.E. 116, 117 (Ind.1921); Hughes v. State, 2 N.E. 956, 958 (Ind.1885); Dawson v. State, 52 Ind. 478, 481 (Ind.1876). Here, however, the criminal trespass statute was not invoked to try disputed rights to the Calhoun Street property. It is undisputed that the Porter County Superior Court issued an order on June 6, 1989 awarding Anthoula Noerenberg sole and exclusive title to the property. Lysiak has not shown that he held any contractual interest in the property at the time of his arrest. Therefore, the only person lawfully entitled to possession of the property upon which Lysiak was arrested on June 18, 1989 was Anthoula Noerenberg