942 P.2d 477

### In the Matter of the APPEAL IN MAR-ICOPA COUNTY, JUVENILE AC-TION NO. JV–512490.

### No. 1 CA–JV 96–0127.

Court of Appeals of Arizona,
Division 1, Department A.

July 22, 1997.

lant and told her that she was not allowed to cross his property. Appellant said she was going to the horses on her parents' property and that she could come through Lee's property as she pleased. Lee told her that she was wrong. Appellant walked away and Lee called the Mesa Police Department. An officer went to Appellant's home and cited her for criminal trespass. Appellant told the officer that she was using Lee's driveway to get home in response to a bathroom emergency.

The State filed a delinquency petition and Appellant filed a motion to dismiss the trespass charge. According to avowals by counsel and statements by witnesses at the hearing on the motion to dismiss, the basic facts are these: Lee purchased his property in 1994 from the Gunnells. Ten years before that, the Gunnells had sold an adjoining parcel to Appellant's parents, the Courys, who kept horses on it. The horse property was accessible by vehicle only through the Gunnells' driveway, although it was accessible by foot in other ways. In Mr. Coury's opinion, part of the consideration for the price he paid for the horse property was his unrestricted use of the Gunnells' driveway. Mr. Coury and Mr. Gunnells had an oral agreement regarding Coury's use of the driveway, but they now dispute the extent of that agreement.

Lee was unaware of the Courys' alleged easement until after Lee bought the property from the Gunnells. At some point, Lee put a locked gate at each end of his driveway and posted "No trespassing" signs. Lee gave Coury a key to the gate, but claims that Mr. Coury's use of the driveway was limited to caring for the horses. Mr. Coury denies that his use of the driveway was so limited. The Courys divorced some years ago and Mr. Coury moved away from the area, taking the key to Lee's gate. At times relevant here, Appellant's mother was able to get to the horses by vehicle only when Lee was there to open the gate for her.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

NOYES, Presiding Judge.

Appellant was adjudicated delinquent on a charge of criminal trespass in the third degree in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–1502(A)(1) (1989). She was adjudicated on another charge as well, but appeals only the trespass charge, arguing that it should be dismissed because she had a *bona fide* claim of right to be on the property in question. Because the commissioner did not decide whether Appellant had a *bona fide* claim of right to be on the property, we reverse and remand.

### I.

On the evening of July 26, 1995, the sixteen-year-old Appellant, with her sister and a friend, climbed over a locked gate and walked down the driveway of Appellant's neighbor, John Lee. Lee confronted Appel-

### II.

■ Appellant argues that this criminal trespass case is essentially a property dispute over the Courys' right to use Lee's

driveway; that the criminal trespass statute cannot be used to resolve civil property disputes; and that Lee should have litigated this matter in a civil proceeding rather than using the resources of the State to settle it.

Although Arizona has no case law on this issue, Appellant has cited cases which support her argument and with which we agree. In Indiana, for example, "[i]t is the well-settled law in this state, and of many other states, that it is an abuse of the penal statute relating to criminal trespass to use it to try disputed rights in real property." *Steele v. State*, 191 Ind. 350, 132 N.E. 739, 740 (1921) (citations omitted). Courts in other states have similarly ruled. *See State v. Larason*, 143 N.E.2d 502, 504 (Ohio Ct.Comm.Pl.1956) (concluding that it was an abuse of an Ohio penal statute relating to criminal trespass to use it to try disputed rights in real property); *People v. Miller*, 344 Ill.App. 574, 101 N.E.2d 874, 877 (1951) (citing *Steele* and holding that an Illinois penal statute relating to criminal trespass could not be invoked to try disputed rights of title); *People v. Johnson*, 16 Mich. App. 745, 168 N.W.2d 913, 915–16 (1969) (stating that a Michigan criminal trespass statute would be inapplicable in determining the question of title or right to possession where the act was a good faith one under claim of right). See also 75 Am.Jur.2d, which notes that "[c]riminal trespass statutes do not afford a substitute for adequate civil remedies for trespass," and further states that "[i]t is an abuse of a penal statute relating to criminal trespass to use it to try disputed rights in real property." 75 Am. Jur. 2d *Trespass* § 166 (1991).

In *United States v. Miller*, 659 F.2d 1029, 1031 (10th Cir.1981), a Wyoming rancher who was using a road on Indian land to get to his summer pasture, as his family had done for about fifty years, was convicted of violating Wyoming's criminal trespass statute after the government decided to put a stop to this use. *Id.* The appellate court stated that "the basic issue in the case is whether Miller had a right of access across the reservation to get to his property." *Id.* Because the rancher asserted a "colorable claim of right to use the road to get to his property," the court cited *Steele, Larason, Miller* and *Johnson* and

concluded that a criminal trespass prosecution was inappropriate. *Id.* at 1031–34.

The *Miller* court stated that the government "should have brought a civil action" and that "it is an abuse of process when a legal procedure is perverted to accomplish an ulterior purpose for which it was not designed." *Id.* at 1033 (citing Prosser, Law of Torts § 21, at 856 (4th ed.1971); *Tappen v. Ager*, 599 F.2d 376 (10th Cir.1979); and 1 Harper and James, The Law of Torts § 4.9, at 332 (1956)). The *Miller* court concluded that "[t]he criminal trespass statute was never designed to resolve civil property disputes," and it remanded the case with directions to vacate the conviction and dismiss the charge. *Id.* at 1033–34.

■ A conviction for criminal trespass "cannot be upheld if ownership of the property is disputed between the complaining witness and the defendant." 75 Am. Jur. 2d *Trespass* § 184 (1991) (citing *Hann v. State*, 771 S.W.2d 731 (Tex.App.1989)). "[T]he claim need not be one of title or ownership, but it must rise to the level of authorization." *Reed v. Commonwealth*, 6 Va.App. 65, 366 S.E.2d 274, 278 (1988). As the court stated in *Miller*:

> It is not a matter of who owns the property. The dispute is over the exercise of a right to enter on the property to get to Miller's lands. In order for the court to determine whether Miller's right is supported by law, it is going to have to resolve the relative rights.

*Miller*, 659 F.2d at 1033.

The State cites no contrary authority, and it declines to address the out-of-state and federal cases cited by Appellant, claiming that they are irrelevant. The State huffs that "[t]he notion that either the juvenile court or the state has the time or resources to litigate civil land disputes in juvenile court is ludicrous." On this point, we agree with the State. We also agree with Appellant that the case arises out of a civil land dispute.

The State essentially stipulated that the Courys had a *bona fide* claim of right to use Lee's driveway: the State avowed that "we are not disputing hay and feed to the horses." The State's position was that any such

claim of right was limited to Mr. Coury caring for the horses. That, then, was the issue on which the motion to dismiss should have turned: Whether the Courys' *bona fide* claim of right to use Lee's driveway was limited to caring for the horses, or whether their *bona fide* claim of right was broader.

 In denying the motion to dismiss, the commissioner's ultimate finding was that "the use of the driveway by the juvenile was not necessary for reasonable access to the juvenile's home." In other words, the denial of Appellant's motion to dismiss was based on an implicit conclusion that the Courys' easement was limited to caring for the horses. To prevail on the motion to dismiss, however, Appellant did not have to prove the existence of an easement broader than caring for the horses; she merely had to show a *bona fide* claim of right to be on the property on the occasion in question. If such a claim was shown, the criminal trespass count should have been dismissed.

The commissioner did not answer the *bona fide* claim-of-right question and the record is ambiguous on it. The adjudication on the criminal trespass charge is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

FIDEL and GARBARINO, JJ., concur.