Johnny ESTEP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9901–CR–41.

Court of Appeals of Indiana.

Sept. 29, 1999.

Timothy J. Burns, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Johnny Estep appeals his convictions for attempted theft and carrying a handgun without a license, Class A misdemeanors. Estep raises two issues on appeal, which we restate as:

I. Whether the evidence is sufficient to support Estep's conviction for attempted theft.

II. Whether the evidence is sufficient to support Estep's conviction for carrying a handgun without a license.

We affirm.

The facts most favorable to Estep's convictions reveal that at approximately 2:00 a.m. on March 15, 1998, a Marion County deputy sheriff was dispatched to a car lot, where he observed Estep standing between two parked cars. The deputy asked Estep what he was doing, and Estep responded that he was getting lug nuts for his cousin's car. The deputy observed that one of the cars was jacked up and a tire iron was hooked to one of the car's lug nuts. In the other car, the deputy observed two passengers, as well as a pistol-gripped shotgun lying in the front passenger seat. Estep admitted that the gun was his. Estep did not have permission to remove lug nuts from any car parked on the lot.

## I.

### *Attempted Theft*

■ Estep contends that the evidence was insufficient to support his conviction for attempted theft. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh. denied.* We look to the evidence and reasonable inferences therefrom that support the judgment. *Id.* The conviction will be affirmed if evidence of probative value exists from which the fact-finder could find the defendant guilty beyond a reasonable doubt. *Id.*

■ A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. IND.CODE § 35-41-5-1 (1998). In the instant matter, the State was required to prove that Estep engaged in conduct that constituted a substantial step toward the commission of theft, which is the knowing or intentional exertion of unauthorized control over property of another, with intent to deprive that person of any part of its value or use. IND.CODE § 35-43-4-2 (1998). The deputy observed Estep standing next to a jacked up car that had a tire iron attached to one of its lug nuts. Estep told the deputy that he was getting lug nuts for his cousin's car. The evidence is sufficient to support his conviction for attempted theft.

■ Estep contends that he abandoned his attempt to commit the theft. The defense of abandonment is available only when a defendant voluntarily abandons his effort to commit the crime and voluntarily prevents its commission. IND. CODE § 35-41-3-10 (1998). To be considered voluntary, the decision to abandon must originate with the defendant, not as a result of extrinsic factors that increase the probability of detection. *Smith v. State,* 636 N.E.2d 124, 127 (Ind.1994). It can be inferred from the evidence that Estep abandoned his attempt to take the lug nuts only because of the deputy's presence. Thus, the evidence supports the conclusion that Estep's abandonment was not voluntary. Estep argues that he abandoned any attempt to take the lug nuts and that he was preparing to leave the scene when the deputy arrived. Estep's argument is an invitation to reweigh the evidence, which we may not do.

## II.

### *Carrying a Handgun Without a License*

■ Estep contends that the evidence is insufficient to support his conviction for carrying a handgun without a license. Estep admits that the firearm at issue was his, and that he did not have a license to carry it. However, Estep argues that a pistol-gripped shotgun is not a handgun.

A handgun is defined in IND.CODE § 35–47–1–6 (1998) as any firearm:

(1) designed or adapted so as to be aimed and fired from one (1) hand, regardless of barrel length; or

(2) any firearm with:

(A) a barrel less than sixteen (16) inches in length; or

(B) an overall length of less than twenty-six (26) inches.

The State did not present evidence on the length of the firearm. However, a firearm is considered a handgun under the statute regardless of length if such firearm is designed or adapted to be fired from one hand. Estep argues that the gun he possessed is not designed or adapted to be fired from one hand. We disagree. Although a shotgun with a normal stock is meant to be fired from the shoulder and is not a handgun, the absence of a stock and the addition of the pistol grip is an adaptation of the gun that allows it to be fired from one hand. *See* IND.CODE § 35–47–1–11 (1998)("shotgun" defined as a weapon intended to be fired from the shoulder). Accordingly, a license is required to carry a pistol-gripped shotgun. The evidence is sufficient to support Estep's conviction.

Affirmed.

NAJAM, J., and RUCKER, J., concur.