**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 07 2012, 10:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1204-CR-321 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Reuben B. Hill, Judge
Cause No. 49F18-1008-FD-066886

**December 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Anthony White appeals his convictions of attempted theft, a Class D felony, Ind. Code §§ 35-41-5-1 (1977) and 35-43-4-2 (2009), and criminal trespass, a Class A misdemeanor, Ind. Code § 35-43-2-2(a) (2009). We affirm.

## ISSUE

White raises two issues, which we consolidate and restate as: whether White's convictions are supported by sufficient evidence.

## FACTS AND PROCEDURAL HISTORY

On the afternoon of August 26, 2010, Officer Thomas Figura of the Indianapolis Metropolitan Police Department was dispatched to an address to investigate a report of attempted theft. Upon arrival, Figura saw a man (later identified as White) and a woman being detained by Bobby Joe Richards, who rented an apartment at the address. White was lying on the ground near a gas grill and tin snips. Richards had discovered White trying to disconnect Richards' grill from a chain link fence.

The State charged White with attempted theft and criminal trespass. White waived his right to a jury trial and was tried to the bench. The court found White guilty as charged and sentenced him accordingly. This appeal followed.

## DISCUSSION AND DECISION

White claims he believed he had permission to enter Richards' property and remove the grill, so he concludes there is insufficient evidence to sustain his convictions.

When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses.

2

*Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to obtain a conviction against White for attempted theft, the State was required to prove beyond a reasonable doubt that White (1) knowingly or intentionally (2) took a substantial step (3) toward exerting unauthorized control over property (4) of Richards (5) with intent to deprive Richards of any part of its value or use. Ind. Code §§ 35-41-5-1, 35-43-4-2.

In this case, Richards had lived in his apartment for four or five years. Through an open window, he heard male and female voices outside and also heard someone opening the front gate which provides access to his yard and his door. The gate bears a "NO TRESPASSING" sign. State's Ex. 3. He waited to see if anyone rang the doorbell. When no one did, Richards went outside and saw that someone had come into his yard and moved his grill. It was still attached to the fence by a chain that Richards had purchased and installed. Richards moved the grill back into its usual position and went back into his apartment.

Thirty-five or forty-five minutes later, Richards heard male and female voices outside and heard his front gate open again. Richards went outside with his dog and his gun, and he saw White crouching by the grill with tin snips, trying to cut the fence. He also saw a woman, and he detained the two until Figura arrived. This evidence is sufficient to establish that White knowingly or intentionally attempted to steal Richards' grill. *See Estep v. State*, 716 N.E.2d 986, 987 (Ind. Ct. App. 1999) (determining that

3

there was sufficient evidence of attempted theft where Estep was discovered removing lug nuts from the wheel of someone else's car in a parking lot).

White argues that the grill belonged to his mother and stepfather, who he asserts had moved out of Richards' apartment within the last few months. He further claims that his relatives had given him permission to retrieve the grill. This is a request to reweigh the evidence, which we cannot do. White also cites *McIntosh v. State*, 638 N.E.2d 1269 (Ind. Ct. App. 1994), *trans. denied*, in support of his claim, but that case is distinguishable. That case involved a completed theft, and the current case involves attempted theft.

We next turn to the criminal trespass conviction. In order to obtain a conviction against White for criminal trespass, the State was required to prove beyond a reasonable doubt that White (1) knowingly or intentionally (2) entered Richards' property (3) after having been denied entry by Richards (4) without having a contractual interest in the property. Ind. Code § 35-43-2-2(a). A person may be denied entry when a property owner posts or exhibits a notice barring entry at the main entrance in a manner that is either prescribed by law or likely to come to the attention of the public. Ind. Code § 35-43-2-2(b).

Here, the front gate that provided access to Richards' yard and door bore a sign that stated "NO TRESPASSING." State's Ex. 3. White acknowledged seeing the sign when he entered the property, and Richards found him in his yard. This evidence is sufficient to support White's conviction for criminal trespass. *See Alves v. State*, 816 N.E.2d 64, 66 (Ind. Ct. App. 2004) (determining that there was sufficient evidence of

4

criminal trespass where Alves was seen on someone else's land climbing a gate bearing a sign marked "No Trespassing"), *trans. denied*.

White, citing *Myers v. State*, 190 Ind. 269, 130 N.E. 116, 117 (1921), argues that his conviction must be reversed because he had a good faith belief that he had permission to enter Richards' property. This argument has no support in the record. White did not dispute at trial that his family members no longer lived in the apartment. Thus, they had no contractual interest in the apartment on the day in question, and White could not have reasonably believed that they had the authority to grant him permission to enter the property.

Next, White cites *Olsen v. State*, 663 N.E.2d 1194 (Ind. Ct. App. 1996), but that case does not compel a different result here. *Olsen* addressed a different section of the criminal trespass statute, which governs a circumstance in which a person refuses to leave the real property of another person after being told to go.

<u>CONCLUSION</u>

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and BROWN, J., concur.