**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES KERNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1205-CR-271 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM MARION SUPERIOR THE COURT
The Honorable Linda E. Brown, Judge
The Honorable Teresa Hall, Master Commissioner
Cause No. 49F10-1110-CM-76824

**February 7, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

James Kerner appeals his conviction for Class A misdemeanor trespass. We affirm.

**Issue**

Kerner raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

**Facts**

On the morning of October 27, 2011, Kerner was peacefully protesting outside of the Statehouse in Indianapolis. It was raining, and Kerner was carrying a large patio umbrella. Sergeant Russell Growe of the Indiana State Police asked Kerner to remove the umbrella. Although Kerner refused, another protester told Sergeant Growe she would have him remove it.

Approximately an hour later, Kerner was still holding the umbrella, and Growe consulted his supervisor, Sergeant Jon Watson of the Indiana State Police, and the Commissioner of the Indiana Department of Administration, Robert Wynkoop. Sergeant Watson and Wynkoop approached Kerner and asked him to put the umbrella away several times, but Kerner did not put it away. Sergeant Watson then told Kerner three or four times that he could either put the umbrella away or leave the property. Kerner was also informed that, if he refused to comply, he was going to be arrested for criminal trespass. Kerner did not put the umbrella away or leave the property.

Kerner was arrested and charged with Class A misdemeanor trespass. Following a jury trial, Kerner was convicted of trespass. He now appeals.

**Analysis**

Kerner argues that there is insufficient evidence to support his conviction. The standard of review for claims of insufficient evidence is well settled. We do not reweigh the evidence or judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. Jackson v. State, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences supporting the verdict and affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

A person who, not having a contractual interest in the property, knowingly or intentionally refuses to leave the real property of another person after having been asked to leave by the other person or that person's agent commits Class A misdemeanor criminal trespass. Ind. Code § 35-43-2-2(a)(2). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so." I.C. § 35-41-2-2(a). "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b).

Kerner argues that he was under the impression he was involved in a discussion with Wynkoop and the police officers regarding the umbrella and that he did not understand he would be arrested for trespass if he did not put the umbrella down or leave the premises. He asserts that he could not have knowingly or intentionally committed trespass when he had a good faith belief that he was allowed to be at the Statehouse.

Indeed:

3

> if the act prohibited is committed in good faith, under a claim of right, no conviction will lie; but the belief in the right to do the act complained of must have a fair and reasonable foundation, which is a question for the jury, and it must appear from the evidence that defendant not only entered under a <u>bona fide</u> belief in his right to enter, but that he had reasonable grounds for such belief.

<u>Myers v. State</u>, 190 Ind. 269, 272-73, 130 N.E. 116, 117 (1921).

The evidence most favorable to the conviction does not show that Kerner had a fair and reasonable foundation for believing that he could remain on the Statehouse sidewalk while carrying an open patio umbrella. Sergeant Growe initially asked Kerner to put the umbrella down. An hour later, Kerner was asked by Sergeant Watson and Wynkoop to remove the umbrella. He was then informed that, if he did not remove the umbrella, he would have to leave the property. He was also informed that, if he did not put the umbrella away or leave, he would be arrested for trespass. Despite these requests, Kerner remained on the property with the umbrella open. This is sufficient evidence of Kerner's intent.

Kerner also asserts the State failed to prove that he knowingly or intentionally refused to leave the property and there is no evidence he was given a reasonable period of time to leave the property. This is simply a request to reweigh the evidence. Sergeant Watson testified that he made several requests to Kerner and that the conversation with Kerner lasted three to five minutes. The jury was also shown a video of part of the encounter in which Kerner remained steadfastly standing with the umbrella. From this evidence the jury could infer that Kerner intended to remain on the property and that he

was given reasonable time to leave the property.  The evidence was sufficient to support Kerner's conviction.

### Conclusion

Kerner has not established that the evidence was insufficient to support his trespass conviction.  We affirm.

Affirmed.

BAKER, J., and VAIDIK, J., concur.