## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 16 2016, 6:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bryan L. Cook
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher J. West, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 16, 2016 <br><br> Court of Appeals Case No. <br> 21A01-1510-CR-1673 <br><br> Appeal from the Fayette Circuit Court <br><br> The Honorable Beth Butsch, Judge <br><br> Trial Court Cause No. <br> 21C01-0904-FA-45 |

**Altice, Judge.**

### Case Summary

[1]     Christopher J. West appeals from the trial court's denial of his motion to modify sentence.

[2]     We affirm.

## Facts & Procedural History

[3]     Following a jury trial, on February 18, 2010, West was convicted of two counts of Class B felony dealing in a narcotic drug and one count of Class D felony possession of cocaine. The trial court sentenced him to an aggregate executed term of thirty-three years in prison. On direct appeal, this court revised West's sentence to an aggregate executed term of eighteen years in prison. *West v. State*, No. 21A04-1004-CR-303 (Ind. Ct. App. Jan. 26, 2011).

[4]     Thereafter, West filed unsuccessful motions to modify in 2012, 2013, and 2014. On March 27, 2015, he filed a motion for progress report, which was granted by the trial court. The Department of Correction provided the report to the trial court and the parties in May 2015. At that time, West's anticipated date of release was April 1, 2018. West filed the instant motion to modify his sentence on June 19, 2015, which the trial court summarily denied without a hearing on September 22, 2015.

## Discussion & Decision

[5]     West argues that the trial court abused its discretion by "refusing to further consider [his] sentence when his [DOC] Progress Report demonstrates overwhelming, objective evidence of reformation, and his remaining prison sentence is nearing completion." *Appellant's Brief* at 1. Additionally, West

asserts that the trial court "arguably acted without authority" in denying his motion more than ninety days after it was filed. *Id.* at 5.

[6] We begin by addressing West's belated challenge to the trial court's authority to rule on the motion. Citing Ind. Trial Rules 53.1 and 53.2, West argues that the trial court lost jurisdiction to rule on the motion ninety days after it was filed and that we should remand with instructions for further consideration by a special judge.

[7] These rules are "intended to expedite proceedings by withdrawing cases from trial judges who have delayed their ruling beyond the specified period of time." *Williams v. State*, 716 N.E.2d 987, 900 (Ind. 1999). If a party chooses not to file a lazy judge motion and, if denied, seek a writ of mandate from our Supreme Court to compel disqualification of the judge, the party is estopped from complaining on appeal that the original trial judge maintained jurisdiction over the case. *Id.* Because West did not follow the procedural mandates and waited until an unfavorable judgment was entered against him, he may not now be heard to complain. *See id.*

[8] With respect to petitions for sentence modification, Ind. Code § 35-38-1-17 provides explicit limitations. For a convicted person who, like West, is not a violent criminal, I.C. § 35-38-1-17(j) provides that such petitions may be filed without the consent of the prosecuting attorney:

> (1) not more than one (1) time in any three hundred sixty-five (365) day period; and

> (2)     a maximum of two (2) times during any consecutive
>          period of incarceration.

West acknowledges that this is the fourth time he has sought modification of his sentence in this case. Further, the record does not indicate that the prosecuting attorney consented to this recent filing. Under these circumstances, the trial court did not err in summarily denying West's motion to modify sentence. *See* I.C. § 35-38-1-17(j)(2).

Judgment affirmed.

Robb, J., and Barnes, J., concur.