## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 05 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Marion County Public Defender
Indianapolis, Indiana

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devell L. Coleman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 5, 2016

Court of Appeals Case No.
49A02-1601-CR-183

Appeal from the Marion Superior
Court.
The Honorable Allan Reid,
Commissioner.
Cause No. 49G10-1507-CM-023468

**Shepard, Senior Judge**

[1] A security guard for an apartment complex called the police and reported that Devell Coleman was trespassing on the property. Coleman was charged, tried,

and convicted of criminal trespass as a Class A misdemeanor. He appeals, arguing insufficient evidence. We affirm.

## Facts and Procedural History

[2]    CSI Protective Services, LLC ("CSI") is a private company that provides security services to apartment complexes in Indianapolis. Chad Butts is the owner and an employee of the company. In May of 2013, the company that managed the Strawbridge Green Apartments contracted with CSI to provide security services for the complex. Butts served as the guard.

[3]    The complex had an anti-loitering policy. On June 27, 2015, Butts saw a group of people, including Coleman, loitering on the property. When Butts told the group to disperse, Coleman became upset and began to "voice his opinion." Appellant's Br. p. 6. Butts told Coleman "that [he] knew he wasn't a resident of the community" and that he would consider him a trespasser if he did not "go inside [of an apartment], or start walking or do something other than the loitering . . . ." Tr. pp. 15-16. When Coleman did not comply, Butts decided he was a trespasser and called the police.

[4]    Butts soon cancelled the call to police because an individual led Coleman into an apartment, and Butts was unable to give the police an exact location for Coleman. As Coleman walked away, however, Butts verbally informed him that he was considered a trespasser, stating: "[A]s an agent of the property, you

are hereby trespassed from Strawbridge Green Apartments . . . – that includes all building[s], sidewalks, yards and grass of the community." *Id.* at 17.

On July 4, 2015, Butts again encountered Coleman on the property and advised him that he was trespassing. Coleman ignored Butts, proceeded to place items in a trash dumpster, and then retreated to an apartment. Butts called the police. An officer with the Indianapolis Metropolitan Police Department arrived at the complex, entered the apartment to which Coleman had retreated, and arrested Coleman for trespassing.

Coleman was charged with Class A misdemeanor criminal trespass.[1] Following a bench trial, Coleman was found guilty as charged.

# Issues

Coleman presents two issues:

    I.    Whether sufficient evidence was presented to establish an agency relationship between CSI and the owner of the apartment building; and

    II.    Whether there was sufficient evidence to prove Coleman did not have a property interest in the apartment in which he was found.

---

[1] Ind. Code § 35-43-2-2(b)(1) (2014).

# Discussion and Decision

[8]     When reviewing sufficiency claims, we consider only the probative evidence and reasonable inferences supporting the judgment, without reweighing the evidence or reassessing witness credibility. *Morgan v. State*, 22 N.E.3d 570 (Ind. 2014). We affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003 (Ind. 2009).

[9]     To convict Coleman of criminal trespass, the State needed to prove beyond a reasonable doubt that Coleman (1) did not have a contractual interest in the apartment complex property, and (2) knowingly or intentionally entered the property (3) after having been denied entry by the owner of the apartment complex or the owner's agent. *See* Ind. Code § 35-43-2-2(b)(1).

## *I. Agency Relationship*

[10]    Coleman first contends that Butts was without authority to deny him entry to the apartment complex because the evidence at trial did not adequately establish an agency relationship between CSI and the owner of the complex. We disagree.

[11]    The evidence was that the property management company overseeing the complex contracted with CSI to provide security services at the Strawbridge Green Apartments. Butts testified that he signed the contract and that under the contract, he had the authority to act as the apartment complex's agent. Butts further testified that one of his duties was to prevent loitering. From this

evidence, a reasonable fact-finder could determine that Butts had the authority to act on behalf of the complex and that Coleman was barred from entering by an agent of the owner.

## II. Contractual Interest

[12] Coleman next argues that the State did not present sufficient evidence to show he lacked a contractual interest in the apartment in which he was found. He maintains that the renter of the apartment gave him permission to stay there and that he had been on home detention at that location. He contends that his reasonable belief that he had a right to be in the apartment should have precluded prosecution for criminal trespass.

[13] A "contractual interest," as it is used in the criminal trespass statute, refers to the right to be present on another's property, arising out of an agreement between at least two parties that creates an obligation to do or not to do a particular thing. *A.E.B. v. State*, 756 N.E.2d 536, 540 (Ind. Ct. App. 2001). In proving the lack of a contractual interest, the State need not "disprove every conceivable contractual interest" that a defendant might have obtained in the real property at issue. *Fleck v. State*, 508 N.E.2d 539, 541 (Ind. 1987). The State satisfies its burden when it disproves those contractual interests that are reasonably apparent from the context and circumstances under which the trespass is alleged to have occurred. *Lyles v. State*, 970 N.E.2d 140 (Ind. 2012).

[14] Sufficient evidence was presented that Coleman had no contractual interest in the apartment in which he was found, and that his belief that he had a right to

be in the apartment was not reasonable. Coleman was not listed on the lease of the apartment and Coleman had previously been warned by Butts that his presence on the apartment complex property was considered a trespass. *See Myers v. State*, 190 Ind. 269, 272, 130 N.E. 116, 117 (1921) (belief that one has a right to be on the property of another "must have a fair and reasonable foundation"). There was no evidence that Coleman had any enforceable right against the actual renter, and Coleman's act of listing the address as his location for home detention likewise did not create any enforceable obligation. *Lyles*, 970 N.E.2d at 143 (defendant lacking a contractual interest held to be trespasser).

# Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Vaidik, C.J., and Riley, J., concur.